2 Ill. App.3d 285 (1971)
276 N.E.2d 377
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
LINDA HENDERSON, (Impleaded), Defendant-Appellant.
No. 54994.
Illinois Appellate Court  First District.
November 11, 1971.
*286 Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE McGLOON delivered the opinion of the court:
Defendant, Linda Henderson, was found guilty of attempted robbery by a circuit court judge sitting without a jury. The judge sentenced her to from one to three years in Dwight Women's Reformatory, but upon subsequently learning that she was 17 years of age rather than 18 as she alleged at trial, the judge entered a nunc pro tunc order correcting mittimus to "The Illinois Youth Commission." On appeal defendant argues that the Criminal Division of the circuit court had no jurisdiction to hear the charge against defendant, that the charge should have been brought before the Juvenile Court, and that, therefore, her conviction should be reversed.
We affirm.
Because no issue of evidence is involved in this appeal, we need not recite the facts upon which the charge of attempted robbery was predicated. Suffice it to say that the circuit court found them adequately proved to establish defendant's guilt beyond a reasonable doubt.
At trial defendant testified that she was 18 years of age. She was found guilty as charged and sentenced by the Court on December 11, 1969. On February 8, 1970, defendant's mother filed a Petition to Correct Mittimus alleging that at the time of trial and sentencing defendant was only 17 years old, and praying for an order nunc pro tunc correcting the mittimus to change the place of confinement to the Illinois Youth Commission rather than the "Illinois Reformatory for Women at Dwight, *287 Illinois." That same day the Court allowed the petition, and ordered defendant committed to the custody of the Juvenile Division of the Department of Corrections.
The defendant would have this court find that not only was the circuit court without jurisdiction to sentence defendant to the Youth Commission after learning her true age, but further, that it was without jurisdiction to try the case initially in spite of defendant's voluntary misrepresentation of her age. Defendant maintains that this follows as a consequence of the Juvenile Court Act, Ill. Rev. Stat. 1969, ch. 37, par. 702-7(1) which reads as follows:
Criminal Prosecutions Limited: (1) Except as provided in this section no boy who was under 17 years of age or girl who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this state or for violation of an ordinance of any political subdivision thereof.
We find that the circuit court was with jurisdiction to try this matter. Article VI, Sec. 9 of the Illinois Constitution of 1870 provides that the circuit court is to have unlimited original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law. The only limitation placed on the jurisdiction of the circuit court under the Constitution of 1970 (Article VI, Sec. 9) is in those matters where the Supreme Court has original and exclusive jurisdiction relating to the redistricting of the General Assembly and to the ability of the Governor to serve or resume office.
 1 To be subject to prosecution for criminal offenses in Illinois, the party must commit an offense wholly or in part within the state, and furthermore, the accused must have been at least 13 years of age at the time the offense is alleged to have been committed. Ill. Rev. Stat. 1969, ch. 38, pars. 1-5, 6-1.
 2 Thus, the Criminal Division of the circuit court and the Juvenile Court, a division of the circuit court of Cook County, share authority over those persons who at the time of the alleged offense are at least 13 years of age, but under 17 years of age for males or 18 years of age for females. The division of the court before which this class of persons is tried depends upon a decision made by either the person charged, the State's Attorney or the Chief Judge of the circuit court after a petition alleging delinquency is filed pursuant to Ill. Rev. Stat. 1969, ch. 37, par. 704-1. Thus, the statute provides that:
If a petition alleges commission by a minor 13 years of age or over of
an act which constitutes a crime under the laws of this state, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the *288 removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the Chief Judge of the circuit for decision and disposition * * * (Ill. Rev. Stat. 1969, ch. 37, par. 702-7(3).) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this state, the minor, with the consent of his counsel, may, at any time before commencement of the adjudication hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly. (Ill. Rev. Stat. 1969, ch. 37, par. 702-7(5).)
In the case before us, the defendant willfully misrepresented her age to the police, the State and the trial court. Because of defendant's obfuscation, the Juvenile Court never had notice of defendant's juvenile status, for no delinquency petition was ever filed with that court. Defendant should not be allowed to take her chances in the Criminal Division, and upon an adverse outcome, demand reversal and a new trial in the Juvenile Court. State v. Peterson (Cinn. Ohio Mun. Ct., 1966), 223 N.E.2d 838; State v. Superior Court of Pina County (Ariz. Ct. App., 1968), 436 P.2d 948.
In the case of People v. Washington (1966), 81 Ill. App.2d 90, 225 N.E.2d 472, defendant argued that his age (17 years) was not properly established at trial. This court refused to reverse stating that the jury did not make a finding as to defendant's age, nor did defendant place his age in issue. We, therefore, concluded that there was no error in failing to establish defendant's age at trial. In the case before us, defendant herself established by testimony that she was 18 years of age. Her age was never contested at trial, and the Court did not err in accepting the testimony.
 3 In conclusion, the actions of the defendant prevented her from utilizing the procedural amenities of the Juvenile Court. The circuit court had jurisdiction to consider her case, and the remedy afforded her by the Petition to Correct Mittimus was adequate.
Judgment affirmed.
McNAMARA, P.J., and DEMPSEY, J., concur.