THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD HALL, a/k/a Charles Houston, Defendant-Appellant.

First District (2nd Division)    No. 76-891

Opinion filed November 22, 1977.—Rehearing denied December 22, 1977.

342

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Richard J. Barr, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Defendant, Richard Hall, entered a plea of guilty to robbery and was sentenced to 5 years probation. On February 6, 1976, a finding of violation of probation was made, and defendant was sentenced to a term of 3 to 9 years. While defendant's only issue for review is whether the criminal division of the circuit court had jurisdiction to hear the original charge against him, the initial determination is whether such matter may be raised for the first time in an appeal from proceedings to revoke probation.

Defendant was indicted for armed robbery on June 13, 1973. On August 17, 1973, defendant filed a motion to dismiss the indictment, alleging he was 16 years old on the date of the alleged crime in 1972, and the criminal court had no jurisdiction to hear the case because no hearing was conducted to waive juvenile jurisdiction as required by section 2—7(3) of the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3).) The State filed an answer to the motion in which it conceded defendant

was a minor on the day of the crime and no hearing had been held pursuant to section 2—7(3); but it maintained that juvenile court jurisdiction had been waived because defendant had told the arresting officers he was 20 years old. The court denied defendant's motion to dismiss the indictment, and on May 2, 1974, defendant pleaded guilty to robbery. (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) He was sentenced to a term of 5 years probation, and no direct appeal was taken from this judgment. On February 6, 1976, defendant was found to be in violation of probation. He was sentenced as heretofore indicated, and this appeal followed.

Defendant contends the court erred in denying his motion to dismiss the indictment on the original charge, and the criminal court was without jurisdiction to hear the case. Section 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1)), effective at the time the offense occurred, provided that a male under 17 years of age, as here, may not be prosecuted under the criminal laws of the State. However, section 2—7(3), which governed the procedure to be utilized to try a minor as an adult, provided that a juvenile court judge might enter an order permitting the prosecution to proceed under the criminal laws if, after an investigation and a hearing, it found that it was not in the best interest of the minor or of the public to proceed under the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3).

■■■ It is clear that section 2—7 of the Act did not divest a criminal court of jurisdiction and that a minor could waive the statutory procedures which benefit juveniles accused of criminal offenses. (*People v. Smith* (1974), 59 Ill. 2d 236, 240, 319 N.E.2d 760; *People v. Henderson* (1st Dist. 1971), 2 Ill. App. 3d 285, 276 N.E.2d 377, *appeal denied* (1972), 49 Ill. 2d 578.) *Smith* and *Henderson* suggest that prosecution of a juvenile in adult criminal proceedings without regard to the transfer provisions set forth in the statute renders the disposition voidable rather than void.

■■ It is also clear that an appellate court lacks jurisdiction to consider errors in the original conviction when a defendant does not file a notice of appeal from an order placing him on probation unless such error renders the conviction void (*People v. Stueve* (1977), 66 Ill. 2d 174, 178, 361 N.E.2d 579); and this principle is applicable to juveniles as well as adults (*In re Tucker* (3d Dist. 1977), 45 Ill. App. 3d 728, 732, 359 N.E.2d 1067; *In re Brown* (1st Dist. 1977), 48 Ill. App. 3d 171, 367 N.E.2d 707).

■■ In this case defendant properly raised the issue of his minority prior to trial on the original charge of armed robbery, but he subsequently entered a plea of guilty to robbery. Thereafter, he failed to file a direct appeal from the judgment after being sentenced to a term of 5 years probation and did not seek to challenge the correctness of his guilty plea until after his probation was revoked. He must, therefore, be deemed to

have waived consideration of the fact that the statutory transfer procedures under the Juvenile Court Act were not complied with prior to his plea of guilty.

Defendant does not claim any error in the probation revocation proceedings, and an examination of this matter is unnecessary. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.