THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* G. V., a Minor[1], Defendant-Appellant.

First District (5th Division)   No. 79-650

Opinion filed April 11, 1980.

---

[1] Defendant was originally prosecuted under his full name, as an adult. We granted his motion in this court to recaption the case to protect his identity and designate him as a minor.

D. L. Bertelle, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Wesley H. H. Ching, and James R. Carroll, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant was convicted of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1) in a bench trial and was sentenced to probation for two years. He filed a motion to vacate the conviction on the grounds that he was 15 years old at the time of the offense and did not knowingly waive his rights under the Juvenile Court Act. (Ill. Rev. Stat. 1977, ch. 37, par. 702—7.) The motion was denied and this appeal followed. The sole issue on review is whether defendant knowingly waived his right to be treated as a juvenile. We hold that he did not.

Defendant and two companions were arrested in a restaurant on Chicago's north side late in the evening of December 18, 1978. The police had arrived in response to a call of a burglary in progress and discovered that a previously boarded-up front window had been pushed in. The three suspects were found under a kitchen table and there was cash on the floor.

Defendant and one of his friends appeared in a criminal branch court the following morning. The State was granted leave to file informations and the two were tried simultaneously. Defendant signed a jury waiver and a waiver of his right to a presentence investigation and report and entered a plea of guilty. The State presented the facts surrounding the arrest and stated that the two defendants were 17 years old. The public defender assigned to the case stipulated both to the facts and to the ages of the two defendants. After determining that the waivers and pleas were knowingly and voluntarily made, the court accepted the guilty pleas.

Neither defendant had a previous adult conviction and both were sentenced to probation for two years.

On January 16, 1979, defendant, represented by privately retained counsel, filed a verified motion to vacate the judgment of guilty on the grounds that defendant was 15 years old, that he believed he was pleading guilty to criminal trespass rather than burglary, and that the proceedings held did not comply with section 2—7 of the Juvenile court Act. (Ill. Rev. Stat. 1977, ch. 37, par. 702—7.) A certified copy of defendant's birth certificate was attached to the motion.

The trial court conducted a hearing on the motion on January 25, 1979. After stating that defendant lied under oath through defense counsel's stipulation, and that defendant knew of his rights as a juvenile because he had previously appeared in the juvenile division of the circuit court, the trial judge denied the motion and allowed the judgment to stand.

OPINION

Section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—7) limits the availability of criminal prosecutions against minors, leaving the ultimate decision as to whether a case shall proceed as a criminal or juvenile matter in the hands of a judge assigned to hear juvenile cases.[2] Section 2—7 provides in pertinent part:

"(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.
* * *

(3) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, and, on motion to the State's Attorney, a Juvenile Judge, designated by the Chief Judge of the Circuit to hear and determine such motions, after investigation and hearing but before commencement of the adjudicatory hearing, finds that it is not in the best interests of the minor or of the public to proceed under this Act, the court may enter an order permitting prosecution under the criminal laws.
* * *

(5) If a petition alleges commission by a minor 13 years of age or

_____

[2] The question of where a case is to be tried is one of the court's organization rather than jurisdiction, for the circuit court has original jurisdiction over all justiciable matters, with few exceptions. (Ill. Const. 1970, art. VI, §9.) Thus, what is commonly referred to as the juvenile court is actually a subdivision of the circuit court of Cook County, as is the criminal branch court in which this case was originally tried.

over of an act which constitutes a crime under the laws of this State, the minor, with the consent of his counsel, may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly."

Although no petition was ever brought in the juvenile division and defendant did not file a motion to be prosecuted as an adult, the State contends that defendant has waived his rights to proceed under the Juvenile Court Act. The State's position is essentially two-pronged: it maintains that defendant wilfully misrepresented his age to the court while being aware of the alternatives available to him. The State's argument is not borne out by the record.

The basis of the State's claim that defendant misrepresented his age lies in defense counsel's stipulation and defendant's failure to inform the court of his correct age. The State relies on *People v. Walker* (1974), 19 Ill. App. 3d 798, 313 N.E.2d 217 (abstract), in which this court rejected the argument that the misrepresentation did not constitute a waiver because it was not made in court under oath as in *People v. Henderson* (1971), 2 Ill. App. 3d 285, 276 N.E.2d 377. We find both *Walker* and *Henderson* to be distinguishable from the case at bar.

In *Henderson*, the defendant misrepresented her age to the police, the State and the trial court and testified that she was 18 years old. Nearly two months after the defendant's conviction, her mother filed a petition to correct mittimus. The trial court allowed the petition and ordered defendant committed to the custody of the juvenile division of the Department of Corrections. The defendant appealed, seeking an outright reversal because no petition had been filed in the juvenile court. In affirming, the court noted that the defendant's actions had prevented her from proceeding in the juvenile court and that it would not allow defendant "to take her chances in the Criminal Division, and upon an adverse outcome, demand reversal and a new trial in the Juvenile Court." 2 Ill. App. 3d 285, 288, 276 N.E.2d 377, 378.

Applying *Henderson*, the court in *Walker* found no error in bringing charges in the criminal division where the defendant had told arresting officers he was 17 years old and his juvenile record showed three prior arrests with his age corresponding to the one he gave the arresting officers in the pending case. In addition, the defendant's birth certificate had not been produced until after his sentence and appeal bond had been set, although his mother testified that she had called the police station on the

night of the defendant's arrest and was told that she would have to present her son's birth certificate before he would be released into her custody as a juvenile.

Unlike *Henderson*, the instant case involves no delay in bringing defendant's correct age to the court's attention. The motion here was made less than 30 days from the entry of defendant's guilty plea, within the time for withdrawing a guilty plea, as provided in Supreme Court Rule 604(d). (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) Furthermore, defendant here made no misrepresentations to the court under oath, as did the defendant in *Henderson*. Nor can we agree with the State's contention that *Walker* controls here, for it was the repeated misrepresentations there that led to the rejection of defendant's argument that they could not result in a waiver because they had not been made under oath. The record indicates that defendant had not been sworn and made no statement to the court. Thus, there is no support for the court's statement that defendant "did lie under oath."

The instant case is more akin to *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760. There, the trial court vacated a conviction and sentence of probation entered on a plea of guilty upon being informed of the defendant's actual identity and age. The case was referred to the juvenile division in spite of the fact that defendant had given the police a fictitious name as well as an incorrect age. Although the question of the effect of the defendant's misrepresentation was not at issue on appeal, the supreme court approvingly recounted the trial court's actions and distinguished the case before it from the wilful misrepresentation under oath in *Henderson*.

■■■ There being no misrepresentation under oath in the instant case, we must look to the other factors surrounding defendant's arrest and trial to determine if he made a knowing waiver. The State maintains that defendant was aware of his alternatives because he had been to juvenile court before. We disagree. The State first points out that defendant had been arrested eight other times, with five of the cases being referred to the juvenile division. Defense counsel acknowledged only that defendant had been arrested on several other occasions. The State, however, offered none of defendant's juvenile records to the trial court, which therefore had no evidence on which to base its conclusion that defendant knew how to be treated as a juvenile. The record does not disclose that the previous juvenile matters were initiated in the juvenile division and it does not indicate how recent the juvenile court appearances were. We cannot logically conclude from the mere existence of prior contacts with the juvenile system that defendant knew when he was entitled to invoke its protection, how to proceed if he so chose, or what effect a juvenile proceeding rather than a criminal one would have on him or his record. (*People v. Gooden* (1977), 56 Ill. App. 3d 408, 371 N.E.2d 1089.) Nor can the State's claim, without evidence to substantiate it, that one of

defendant's companions was treated as a juvenile while the other was prosecuted as an adult support the conclusion that defendant made a knowing waiver. (See, e.g., *People v. Woods* (1979), 78 Ill. App. 3d 431, 434 n.1, 396 N.E.2d 1204, 1207 n.1.) The burden of establishing a knowing waiver is on the State (*People v. Gooden*), and we find that it has not been met.

■ The procedures of section 2—7 of the Juvenile Court Act were established to comply with the Supreme Court's holding in *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, that the waiver of juvenile court jurisdiction is critically important. (Ill. Ann. Stat., ch. 37, par. 702—7, Council Commentary, at 80-81 (Smith-Hurd Supp. 1979).) The State's Attorney may no longer decide to proceed with the criminal prosecution of a juvenile without the approval of a judge assigned to the juvenile division. (*People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787.) This was not done. Instead, within a span of approximately 12 hours, a 15-year-old boy was arrested, held overnight in a criminal lock-up, convicted of a felony and sentenced. To find that defendant made a knowing waiver in the instant case would be to place upon him the burden of understanding the nuances of criminal and juvenile procedure because of prior exposure to the courts, without requiring the State to prove the nature of those proceedings or the extent of defendant's knowledge. This we will not do.

Accordingly, the order denying defendant's motion to vacate his conviction is reversed, the conviction is vacated, and the cause is remanded to the trial court with directions that the trial judge transfer the case to the juvenile division of the circuit court of Cook County for proceedings in accordance with the Juvenile Court Act.

Conviction vacated; cause remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.