THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR GREEN *et al.*, Defendants-Appellants.

First District ( 5th Division)    No. 77-300

Opinion filed January 29, 1982.

James J. Doherty, Public Defender, of Chicago (James L. Rubens, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Dean C. Morask, and Gregory G. Thiess, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

Defendants were both charged with robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—1). After a bench trial, each was convicted and sentenced to one to three years in the Illinois Department of Corrections. Defendants appeal.

The issues raised on appeal are: (1) whether defendant Robinson was erroneously prosecuted as an adult; (2) whether the identifications of both

defendants were sufficient to support their convictions; and (3) whether the trial court erred in sentencing defendant Robinson to the Adult Division of the Illinois Department of Corrections.

During the evening of Wednesday, March 26, 1975, two "customers" at a Jewel Food Store in Chicago went through a check-out line to pay for a small purchase. One of the two hit the cashier on the side of her head and the other grabbed some money from the register. Both "customers" then fled. The victim described one of her assailants as being a 5'9", 150 lb. black man, wearing a black knit stocking cap and an Afro hairstyle. She described the other as tall, thin and black wearing a light tan, wide-brimmed hat.

On the evening of May 14, 1975, the victim was again working at the Jewel store when she saw her alleged assailants in the store. The two paid for a small purchase at another cashier's station and exited. The victim removed her money from her cash drawer, brought it to the service desk, and there told another store employee that the two men who had just exited were the two who had robbed her on March 26, 1975. Shortly thereafter, a Jewel security guard brought the defendants Oscar Green and Jerry Robinson into the store. The police were called and the victim identified defendants as the March 26, 1975, robbers. Later that same evening at the police station the victim again identified the defendants as her assailants.

During the trial defendant Robinson denied being in the Jewel store on the night of the robbery. He testified that he worked until 7:30 p.m. that evening and then visited his girlfriend. He stated that he arrived home between 10:30 p.m. and 11 p.m. During his testimony Robinson twice stated that on the night of the occurrence he was 16 years old and further that he was born April 12, 1958.

Defendant Green testified that he was neither with Robinson nor at the Jewel store on the date of the robbery but was at home with his mother between 7 and 10 p.m. that evening. Green's mother testified that he was not allowed to go out of the house on weeknights.

The court found defendants guilty. At the sentencing hearing defendants' counsel informed the court that it appeared that at the time the offense was committed Robinson was 16 years old. Defense counsel requested more time to ascertain Robinson's correct age and research the pertinent statute. The court continued the hearing for a few days to allow defense counsel to pursue the matter. The sentencing hearing was again commenced several days later. Defense counsel informed the court that he had requested each defendant's mother to bring the birth certificate of her son to the courtroom. The court granted defense counsel time to discuss the matter of defendants' ages with their family members. After defense counsel had an opportunity to talk with his witnesses, the court

inquired of him, "What is your pleasure?" to which defense counsel responded that he wished to proceed with the sentencing hearing. The court then entertained and denied defense counsel's oral motion in arrest of judgment and new trial. After hearing evidence in aggravation and mitigation, the court sentenced each defendant to not less than one year and not more than three years. Defendants appeal.

OPINION

Defendant Robinson first contends that it was error for the State to prosecute him as an adult when he was 16 years of age at the time he allegedly committed the offense.

■■ The procedure governing the initiation of criminal prosecution of a juvenile defendant is set forth in section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—7). That section prohibits the criminal prosecution of a minor under 17 years of age at the time of the alleged offense, unless the juvenile has been brought before the juvenile court upon petition by the State's Attorney (*People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787) and the court enters an order permitting such prosecution (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(3)). Whether a person is tried in juvenile or criminal court is a matter of procedure (*People v. Woods* (1979), 78 Ill. App. 3d 431, 396 N.E.2d 1204), and a defendant may waive the right to be tried in a juvenile court. (*People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760.) Such a waiver may occur if the defendant waives an indictment and pleads guilty in criminal court on the advice of counsel (*People v. Shaw* (1972), 3 Ill. App. 3d 1096, 279 N.E.2d 729), misrepresents himself as being an adult during testimony (*People v. Smith*), or fails to make age an issue. (*People v. Nichols* (1978), 60 Ill. App. 3d 919, 377 N.E.2d 815; *People v. Washington* (1966), 81 Ill. App. 2d 90, 225 N.E.2d 472, *aff'd* (1968), 41 Ill. 2d 16, 241 N.E.2d 425.) We agree with defendant Robinson that if he indeed was 16 years of age at the time of the offense it was error to initiate criminal proceedings against him without first petitioning the juvenile court. However, in this case defendant never asserted his right to juvenile proceedings to the prosecutor or to the court before trial. Accordingly, he has waived any objection to the initiation of criminal proceedings against him. *People v. Woods* (1979), 78 Ill. App. 3d 431, 396 N.E.2d 1204.

Defendant Robinson next asserts that the trial court erred by failing to transfer the cause *sua sponte* to the juvenile court when it heard his unrebutted testimony that he was 16 years of age on the date of the offense. The State contends that defendant Robinson waived his right to be tried as a juvenile by failing to raise age as an issue.

■■ ■ We agree with the State's contention. "Raising age as an issue" means something more than testifying to one's age at trial. Although the

term has not specifically been defined in this context, a close analysis of the cases considering this issue shows that the term implies the assertion by the juvenile defendant of his right to juvenile proceedings. (*People v. G. V.* (1980), 83 Ill. App. 3d 828, 404 N.E.2d 374 (issue raised by motion to vacate judgment); *People v. Greve* (1980), 83 Ill. App. 3d 435, 403 N.E.2d 1230 (issue raised by motion to transfer proceedings); *People v. Woods* (1979), 78 Ill. App. 3d 431, 396 N.E.2d 1204 (issue raised by motion to dismiss the indictment); *People v. Nichols* (1978), 60 Ill. App. 3d 919, 377 N.E.2d 815 (issue raised by motion for a mistrial or alternatively for a dismissal of the indictment); *People v. Gooden* (1977), 56 Ill. App. 3d 408, 371 N.E.2d 1089 (issue raised by motion to dismiss the indictment); *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760 (issue raised by defense counsel's request that the trial court vacate its judgment and transfer cause to the juvenile court); see also *In re Greene* (1979), 76 Ill. 2d 204, 390 N.E.2d 884.) A review of the record clearly shows that defendant Robinson's age was not elicited by his defense counsel for purposes of challenging the continuation of criminal proceedings against him. Defense counsel made no motion at any time during trial, either before or after defendant Robinson's testimony, to have the proceedings continued, terminated or transferred. The testimony was elicited only for purposes of identification and did not thereby "raise age as an issue."

Defendant Robinson cites the case of *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, for the proposition that it was incumbent upon the trial court to transfer the case *sua sponte* upon hearing defendant Robinson testify he was 16 years of age on the date of the offense. However, in *Smith* the cause was transferred not upon the court's motion but upon that of defense counsel and only after defendant's statement as to his age was corroborated by his mother and documentary evidence. *In re Greene* (1979), 76 Ill. 2d 204, 390 N.E.2d 884, is more instructive here and further supports the State's contention that defendant waived his right to juvenile proceedings. In *Greene*, minors, adjudicated delinquents and found by the juvenile court guilty of various offenses under the criminal law, appealed the propriety of the juvenile proceedings on the basis that the State failed to prove that each offender had committed the offenses prior to his 17th birthday. Before appeal the minors had never challenged the authority of the juvenile court to proceed. The supreme court rejected this argument stating that unless an individual specifically challenges the authority of the court to proceed against him as a juvenile, he is deemed to have consented to the juvenile proceedings and has waived any objections to the court's authority to apply juvenile procedures and to impose juvenile sanctions upon him. (76 Ill. 2d 204, 212, 390 N.E.2d 884.) Similarly, by failing to specifically challenge the authority of the trial court to proceed against him, defendant Robinson is deemed to

have waived any objections to the trial court's authority to apply criminal proceedings against him.

Interestingly, we note that defendant does not assert that the trial court erred in failing to transfer the cause subsequent to trial when defense counsel suggested to the trial court that if defendant Robinson was 16 years of age on the date of the offense the cause would be better transferred to the juvenile court. Indeed, defendant Robinson could not so assert, for the record clearly shows that although given the opportunity to confirm defendant Robinson's age by the trial court, defense counsel produced no birth certificate. Furthermore, although defendant's mother was present in the courtroom at the reconvened sentencing hearing, defense counsel declined to call her to corroborate defendant's testimony after speaking with her privately. After consulting with her, defense counsel abandoned any objection to the criminal proceedings and specifically requested that the reconvened sentencing hearing continue.

Under the Juvenile Court Act a minor with the consent of counsel is vested with unqualified discretion to elect prosecution under the criminal law. (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(5); *People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650; *People v. Thomas* (1976), 34 Ill. App. 3d 1002, 341 N.E.2d 178.) The supreme court in *People v. Jiles* (1969), 43 Ill. 2d 145, 149, 251 N.E.2d 529, 531, stated:

> "Under the Illinois Juvenile Court Act the juvenile and his attorney have an uncontrolled discretion to choose to be proceeded against in the criminal court. They may make that choice without regard to any considerations relating to the public interest, or even to the ultimate best interest of the juvenile. No judge has any authority to interfere with that choice."

While defendant Robinson did not comply with the procedural steps outlined in the Juvenile Court Act for electing criminal prosecution (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(5)), he effectively made such an election by failing to assert his right to juvenile proceedings. Under these circumstances we hold that it was not incumbent on the trial court to transfer the cause *sua sponte* upon hearing defendant Robinson's testimony that he was 16 years of age at the time of the offense.

Defendants Robinson and Green next contend that they were not proved guilty beyond a reasonable doubt because of the insufficiency of the identification evidence against them.

The positive identification by a single witness who has ample opportunity for observation is sufficient to support a conviction. (*People v. Clarke* (1971), 50 Ill. 2d 104, 277 N.E.2d 866.) Correlatively, the conviction of a defendant which rests upon a doubtful, uncertain or vague identification which does not produce an abiding conviction of guilt will

be reversed. (*People v. Cullotta* (1965), 32 Ill. 2d 502, 207 N.E.2d 444.) However, in a bench trial it is within the province of the trial court to determine the credibility and weight of the testimony, to resolve the inconsistencies and conflicts, and to render its decision accordingly. A court of review will not substitute its judgment on these matters unless the proof is so unsatisfactory that a reasonable doubt of guilt appears. (*People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 63.) In the instant case the victim had a clear view of the robbers on the night of the crime. They faced her in good lighting and one of them spoke with her. The robbers went through her line not once but twice to make two small, separate purchases. Business was slow that evening so that there was nothing to distract the victim's attention from her customers. Six weeks later when the defendants entered the store, the victim unhesitatingly identified them as the robbers. She was so certain that they were her assailants that on her own initiative she removed the money from her drawer and brought it over to the service desk because she was "scared [she] was going to get robbed again." Furthermore, the victim's testimony was corroborated by the testimony of the other cashier working on the evening of the robbery who also positively identified the defendants as the robbers.

■■ Factors which may be considered in evaluating identification testimony include the opportunity of the witness to view the defendant at the time of the crime, the witness' degree of attention, the accuracy of her prior description of the defendant, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. (*People v. McKinley* (1977), 69 Ill. 2d 145, 370 N.E.2d 1040, *cert. denied* (1978), 435 U.S. 975, 56 L. Ed. 2d 69, 98 S. Ct. 1623.) In light of these factors we do not find the identification testimony here so unsatisfactory as to raise a reasonable doubt of guilt. The trial court specifically found that the victim's testimony was truthful, convincing and corroborated by other testimony. We see no reason to disturb that finding.

■■ Defendant Robinson lastly contends that the trial court erred in sentencing him to the Adult Division of the Illinois Department of Corrections when he was allegedly 16 years old on the date of the offense. The applicable sentencing statute, section 5—8—6(c) of the Unified Code of Corrections, reads, "All offenders under 17 years of age sentenced to imprisonment shall be committed to the Juvenile Division of the Department of Corrections * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—6(c).) Defendant's argument is foreclosed, however, by *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366. There the supreme court determined that under section 5—8—6(c) it is the offender's age when sentenced and not his age at the time of the occurrence which is the relevant criterion. 76 Ill.

2d 289, 310, 391 N.E.2d 366, 375; *People v. Costello* (1981), 95 Ill. App. 3d 680, 420 N.E.2d 592.

Accordingly, for the reasons cited herein, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.