THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE FOX, Defendant-Appellant.

First District (1st Division)   No. 1—91—1142

Opinion filed February 28, 1994.

Rita A. Fry, Public Defender, of Chicago (Dennis Urban, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan S. Wigoda, and Susan Smith Snyder, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a bench trial, defendant Theodore Fox was convicted of delivery of a controlled substance and sentenced to a term of three years' imprisonment. On appeal, defendant contends that his conviction and sentence must be vacated because he was less than 17 years of age when the crime occurred and he was not subject to adult criminal jurisdiction.

According to State's evidence, at 9 p.m. on January 12, 1989, policemen driving an unmarked squad car conducted a controlled purchase of a $10 "pony pack" of cocaine from defendant near 2510 West Flournoy in Chicago. Defendant testified that he was visiting his girl friend and their son at the time of the incident and denied any knowledge of the offense.

■ Defendant contends that his conviction and sentence must be vacated because he was less than 17 years of age when the drug sale was committed, and he was not subject to adult criminal jurisdiction. Whether a person is tried in juvenile or criminal court is a matter of procedure. (*People v. DeJesus* (1989), 127 Ill. 2d 486, 498, 537 N.E.2d 800.) The juvenile court is merely a division of a single unified court system. (*People v. P.H.* (1991), 145 Ill. 2d 209, 222, 582 N.E.2d 700.) A juvenile who willfully misrepresents his age as subjecting him to criminal jurisdiction waives the statutory procedures which inure to a juvenile accused of criminal offenses. *In re Greene* (1979), 76 Ill. 2d 204, 214, 390 N.E.2d 884.

■ In the present case, defendant did not raise the issue of his age until after the trial court found him guilty of the charges. Defendant then testified that he was 16 years old at the time of the offense, had four juvenile court cases pending, and that at the time of his

arrest, police reported his birthdate as December 12, 1971, despite his protestation that he was born July 17, 1972. Notwithstanding, the parties stipulated that certain police officers would testify that defendant identified his birthdate as December 12, 1971, when he was arrested on August 1, 1989, February 17, 1990, April 3, 1990, and June 5, 1990, and that defendant's probation officer would testify that defendant stated his birthdate was December 12, 1971, during his presentence investigation interview. The trial court considered the evidence presented, relevant case law, noted that the age of an individual is not jurisdictional and found that defendant waived his. right to statutory juvenile court proceedings. The trial court based its determination on the implicit finding that defendant misrepresented his age to the police and a probation officer and never made his age an issue until after he was found guilty. Defendant will not be permitted to proceed through adult criminal proceedings, then demand a new trial in juvenile court upon an unfavorable outcome. (*People v. Henderson* (1971), 2 Ill. App. 3d 285, 288, 276 N.E.2d 377.) Under the circumstances, we find no reason to disturb the trial court's decision.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.