FOURTH DIVISION

May 31, 2001 

Nos. 1-99-2007; 1-99-2008; 1-99-2009

(Consolidated)

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

) 
Cook County
.

Plaintiff-Appellant, ) 

)

v. ) 

) 

ALEXANDER ARNOLD, ) The Honorable

) Colleen McSweeney-Moore,

Defendant-Appellee.
 ) Judge Presiding.

 JUSTICE SOUTH delivered the opinion of the court:

On November 2, 1997, defendant was arrested for robbery and attempted robbery.  On November 24, 2997, after a pretrial conference, defendant pled guilty to both offenses.  Although defendant never disclosed this information to anyone, he was only 14 years old at this time.  On the police report and all other documents, defendant stated that he was 17 years old.  Defendant was sentenced to two years of felony probation, 60 days in the Cook County Jail with 23 days credit and 60 days of home confinement.  He was also ordered to complete high school.  Defendant was also a ward of the court as a result of abuse and neglect proceedings against his parents and had two outstanding delinquency warrants out for his arrest.

On March 18, 1998, the State filed a petition for violation of probation against defendant.  While on probation, defendant failed to comply with the court's sentence of home confinement and was arrested for possession of a controlled substance and burglary.  On September 17, 1998, defendant's probation was revoked, and he was sentenced to the Cook County Impact Incarceration Program (boot camp).

On October 7, 1998, defendant escaped from boot camp.  After he was found and charged with one count of escape, the public defender assigned to his case discovered for the first time that defendant was still a minor.  Subsequently, hearings were held and the trial court concluded that defendant was in fact a minor and was a minor at the time his guilty plea was entered.

On March 4, 1999, the court held a hearing to determine whether defendant's escape charge should be prosecuted under the Criminal Code of 1961 (720 ILCS 5/1-1 
et seq
. (West 1993)) or whether he should be transferred back to juvenile court to be prosecuted under the Juvenile Court Act (Act) (705 ILCS 405/5-4 (West 1993)), and whether his guilty pleas for robbery and attempted robbery should be vacated because of his status as a minor.  After hearing arguments from the State and the defense attorney, the court determined that the defendant should be charged for escape as an adult, and that his guilty pleas should not be vacated.  On May 11, 1999, defendant was found guilty of escape.  He was sentenced to three years incarceration for the robbery charge, one year for the attempted robbery charge, both to run concurrently, and five years for escape, to run consecutively with the other charges.

Defendant raises two issues on appeal:  (1) whether his conviction for escape should be vacated pursuant to the Juvenile Court Act; and (2) whether his convictions for attempted robbery and robbery should be vacated pursuant to the Juvenile Court Act.

We shall first address the issue of whether defendant's convictions for attempted robbery and robbery should be vacated.

When a defendant does not file a timely notice of appeal from an order placing him on probation, we lack jurisdiction to consider errors in the underlying conviction unless such errors render the conviction void.  
People v. Hall
, 55 Ill. App. 3d 341, 343, 371 N.E.2d 26, 27 (1977).  As 
Hall
 correctly states, "[
People v.
] 
Smith
 [59 Ill. 2d. 236, 240, 319 N.E.2d 760, 763 (1974)] and [
People v.
] 
Henderson
 [2 Ill. App. 3d 285, 288, 276 N.E.2d 377, 378 (1971)] suggest that prosecution of a juvenile in adult criminal proceedings without regard to the transfer provisions set forth in the statute renders the disposition 
voidable rather than void
."  (Emphasis added.) 
Hall
, 55 Ill. App. 3d at 343, 371 N.E.2d at 27.

In 
Hall
, the defendant was indicted for armed robbery and several months later filed a motion to dismiss the indictment, raising age as an issue.  
Hall
, 55 Ill. App. 3d at 342, 371 N.E.2d at 26.  The trial court denied the motion to dismiss, but defendant subsequently entered a plea of guilty to robbery and was sentenced to five years probation.  
Hall
, 55 Ill. App. 3d at 343, 371 N.E.2d at 27.  Defendant violated the probation, which was revoked, and was sentenced as an adult to 3 to 9 years in prison.  He appealed, stating that the court erred in denying his motion to dismiss and that his sentence should be vacated because he did not waive juvenile jurisdiction, and that the criminal court did not have jurisdiction to hear the case.  
Hall
, 55 Ill. App. 3d at 342-43, 371 N.E.2d at 26-27.

We held that not only did we lack jurisdiction over the original conviction, but that defendant had "waived consideration of the fact that the statutory transfer procedures under the Juvenile Court Act were not complied with prior to his plea of guilty."  
Hall
, 55 Ill. App. 3d at 343-44, 371 N.E.2d at 27.

In this case, we lack jurisdiction to consider errors in the underlying conviction for attempted robbery and robbery because defendant did not file a notice of appeal from those orders.  Therefore, the trial court did not err in denying defendant's motion to vacate his convictions for robbery and attempted robbery.

Even if we were vested with jurisdiction, defendant has waived his right to be tried as a juvenile for these offenses due to the fact that he has failed to raise age as an issue.

The cases relied upon by defendant can be distinguished because the minors promptly raised age as an issue.  In 
People v. Gooden
, 56 Ill. App. 3d 408, 371 N.E.2d 1089 (1977), we held that waiver did not apply.  
In that case, we specifically stated that "Gooden promptly attempted 
before trial
 to rectify the situation which had brought him to the criminal court, instead of waiting until after judgment was entered upon a
 criminal conviction. *** Gooden did not attempt to take advantage of the court by causing it undue expense and effort; on the contrary, he asserted his right to a juvenile hearing promptly."  (Emphasis added.)  
Gooden
, 56 Ill. App. 3d at 411-12, 371 N.E.2d at 1093.

In 
People v. G.V.
, 83 Ill. App. 3d 828, 404 N.E.2d 374 (1980), we held that waiver did not apply.  We reasoned that waiver did not apply because there was "no delay in bringing defendant's correct age to the court's attention," and there were no repeated misrepresentations to the court under oath.  
G.V.
, 83 Ill. App. 3d at 832, 404 N.E.2d at 377.  We specifically noted that "within a span of approximately 
12 hours
, a 15-year-old boy was arrested, held overnight in a criminal lock-up, convicted of a felony and sentenced."  (Emphasis added.)  
G.V.
, 83 Ill. App. 3d at 832, 404 N.E.2d at 377, which we held did not constitute a knowing waiver.

In 
Nichols
, 60 Ill. App. 3d 919, 377 N.E.2d 815 (1978), another case relied upon by defendant, we also held that there was no waiver.  In that case defendant moved for a mistrial, raising age as an issue, before the jury rendered a verdict.  
Nichols
, 60 Ill. App. 3d at 921, 377 N.E.2d at 817.

Finally, the Illinois Supreme Court, in 
People v. Smith
, 59 Ill. 2d 236, 319 N.E.2d 760 (1974), stated that based upon the facts of that case, it could not find that the minor had waived his rights under the Act.  
Smith
, 59 Ill. 2d. at 240, 319 N.E.2d at 763.  Distinguishing 
Henderson
, where we applied waiver, the supreme court reasoned that "the present case does not involve a defendant's wilful misrepresentation of his age in sworn testimony before the trial court and a failure to attempt to rectify the situation until nearly two months after judgment was entered upon a criminal conviction."  
Smith
, 59 Ill. 2d. at 240, 319 N.E.2d at 763.

We have consistently applied waiver, however, in cases where the minor continually misrepresents his age to the court and police officers and fails to make age an issue until after he is found guilty.  In 
People v. Fox
, 258 Ill. App. 3d 534, 535-36, 630 N.E.2d 1206, 1207-08 (1994), this district held that where a "defendant did not raise the issue of his age until after the trial court found him guilty of the charges," and repeatedly misrepresented his age to the police and his probation officer, he has waived his rights to statutory procedures under the Act.  Upholding the trial court's decision to apply waiver, we held that a "defendant will not be permitted to proceed through adult criminal proceedings then demand a new trial in juvenile court upon an unfavorable outcome."  
Fox
, 258 Ill. App. 3d at 536, 630 N.E.2d at 1208.

We applied the same reasoning in 
Henderson
, 
Green
 and 
Walker
.  In 
Henderson
, we held that where a defendant was tried, found guilty and sentenced, and then asserts age as an issue, she has waived her right to be prosecuted under the juvenile act.  
People v. Henderson
, 2 Ill. App. 3d 285, 276 N.E.2d 377 (1971).  Once again, we reasoned that "[d]efendant should not be allowed to take her chances in the Criminal Division, and upon an adverse outcome, demand reversal and a new trial in the Juvenile Court."  
Henderson
, 2 Ill. App. 3d at 288, 276 N.E.2d at 378. 

In 
People v. Green
, 104 Ill. App. 3d 278, 432 N.E.2d 937 (1982), although we agreed that it is error to initiate criminal proceedings against a defendant without first petitioning the juvenile court, 
we held that since "defendant never asserted his right to juvenile proceedings to the prosecutor or to the court 
before trial
 *** he has waived any objection to the initiation of criminal proceedings against him."  (Emphasis added.)  
Green
, 104 Ill. App. 3d at 281, 432 N.E.2d at 940.

Finally, in 
Walker
 we held that due to defendant's repeated misrepresentations to the police, and the fact that his minor status "was not brought to the attention of trial court until after sentence had been pronounced, [the] trial court in criminal division had jurisdiction to hear [the] charge against defendant, even though defendant made no misrepresentation as to his age in court while under oath."  
People v. Walker
, 19 Ill. App. 3d 798, 313 N.E.2d 217 (1974).

In this case, defendant was arrested for robbery and attempted robbery in November 1997, and misrepresented his age to arresting officers as being 17 years old.  After being assigned a public defender, he had a plea bargaining conference with his attorney and the judge, entered a guilty plea to the offenses and received a sentence of two years felony probation, 60 days in the Cook County jail, 60 days home confinement and a mandate to complete his high school education.  His age was never raised as an issue.  In March 1998, defendant was found to have violated probation and was once again arrested.  He continued to misrepresent his age to the police and to the court.  In September 1998, the court sentenced him to adult boot camp.  At no time during these hearings did defendant raise age as an issue.  In November 1998, defendant escaped from boot camp, and after he was captured, he raised age as a defense for the first time.

Under this set of circumstances, we cannot say that defendant promptly asserted his age as a defense to being prosecuted under the Criminal Code.  Unlike the defendants in 
Gooden
, 
G.V.
, 
Nichols
 and 
Smith
, defendant waited until a year after he pled guilty, was sentenced in the underlying offenses, violated probation and was sentenced to adult boot camp, to bring his minor status to the attention of the court.  Similar to the defendant in 
Fox
, defendant continually misrepresented himself as an adult to arresting officers, probation officers and to the court.  The record indicates that on at least three occasions the trial court judge specifically inquired about defendant's age because he looked young, to which defendant consistently represented that he was an adult.  Based upon the foregoing, we cannot say that the decision of the trial court was incorrect.

In the cases cited by both parties, the Illinois courts seem to make an important distinction between cases in which a defendant promptly raises age as an issue 
before he is convicted by a jury at trial
, or if a plea has been entered 
before sentencing or shortly thereafter
.  The court places great emphasis on the 
promptness
 of raising age as an issue and does not look favorably upon minors who try to take advantage of the system.  The courts almost always apply waiver where defendants continually misrepresent themselves and choose not to raise age as an issue until long after they have been prosecuted as adults.

In 
Gooden
, the court correctly notes that when dealing with minors, courts should indulge every reasonable presumption against waiver.  
Gooden
, 56 Ill. App. 3d at 413, 371 N.E.2d at 1093.  However, the court clearly distinguished the factual situations in 
Henderson
, 
Walker
 and 
Smith
, based on the fact that the defendants in those cases "took their chances" in the criminal court and did not promptly assert their age prior to judgment being entered on a criminal conviction.  
Gooden
, 56 Ill. App. 3d at 411, 371 N.E.2d at 1091-92.

The second issue we consider is whether defendant's conviction for escape should be vacated pursuant to the Juvenile Court Act.

Whether a person is to be tried in juvenile or criminal court is procedural rather than jurisdictional.  
People v. Green
, 104 Ill. App. 3d 278, 281, 432 N.E.2d 937, 939-40 (1982).  The juvenile court is merely a division of the circuit court system, and it is the circuit court which is vested with jurisdiction over all criminal defendants.  
People v. Nichols
, 60 Ill. App. 3d 919, 922, 377 N.E.2d 815, 818 (1978).  As such, when a defendant raises age as a defense to criminal prosecution, the proper 
procedure
 is to transfer the case to the juvenile court.  (Emphasis added.)  
Gooden
, 56 Ill. App. 3d 408, 371 N.E.2d 1089.

However, a defendant may waive the right to be tried as a juvenile.  Illinois case law has established that waiver can occur if a defendant waives an indictment and pleads guilty in criminal court on the advice of counsel (
People v. Shaw
, 3 Ill. App. 3d 1096, 279 N.E.2d 729 (1972)), if he misrepresents himself as being an adult during testimony (
People v. Henderson
, 2 Ill. App. 3d 285, 288, 276 N.E.2d 377, 378 (1971);  
People v. Smith
, 59 Ill. 2d. 236, 240, 319 N.E.2d 760, 763 (1974)), or if he fails to make age an issue (
People v. Woods
, 78 Ill. App. 3d 431, 435, 396 N.E.2d 1204, 1208 (1979);  
Green
, 104 Ill. App. 3d at 281-82, 432 N.E.2d at 940;  
People v. Washington
, 81 Ill. App. 2d 90, 102, 225 N.E.2d 472, 479 (1966)).

Defendant in this case maintains, however, that in order to be charged with the crime of "escape" as an adult, he must either voluntarily elect to be charged as an adult, be transferred to adult criminal court under the mandatory transfer provision or be transferred based upon the discretion of the judge.  Unless the case falls under one of these specific categories, defendant asserts he cannot be tried for escape as an adult under the criminal code.  Since there is no actual compliance with the terms of the statute, defendant argues, he should be transferred back to the juvenile courts for prosecution.  Defendant further maintains that since the crime of "escape" is a separate charge and conviction, any waiver that might have occurred under the attempted robbery and robbery convictions cannot apply here because he properly raised age as an issue when he was charged with the crime of escape.

Section 405/5-4(8)(a) states in pertinent part:

“The definition of delinquent minor under Section 5-3 of this Act shall not apply to any minor who is charged with a violation of subsection (a) of Section 31-6 [escape] *** of the Criminal Code of 1961 *** when the minor is subject to prosecution under the Criminal Code of 1961 as a result of the application of the provisions of paragraph (a) of subsection (3) [the discretionary transfer statute]; subsection 5 [voluntary election by the minor to proceed under the terms of the Criminal Code]; paragraph (a) of subsection (6) [a mandatory transfer statute];  or paragraph (a) of subsection (7) [another mandatory transfer statute] of this Section.  These charges and all other charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961.  [720 ILCS 5/1-1 et seq.].” 705 ILCS 405/5-4(8) (West 1997) (repealed by Public Act 90-590, effective January 1, 1999).

In this case, the only section that could apply to defendant is subsection (5), his voluntary election to proceed under the Criminal Code.  Section 405/5-4(5) states:

“(5) If an original petition for adjudication of wardship alleges the commission by a minor 13 years of age or over of an act that constitutes a crime under the laws of this State, the minor, with the consent of his or her counsel, may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned.  If such a motion is filed as herein provided, the court shall enter its order accordingly.”  705 ILCS 405/5-4(5) (West 1997) (repealed by Public Act 90-590, effective January 1, 1999).

Therefore, pursuant to the Act, a delinquent minor, who escapes from an adult penal institution, when the court had 
previously transferred
 that child to criminal court due to either the judge's discretionary transfer, voluntary transfer by the defendant, or automatic transfer due to the nature of the crimes committed, will be prosecuted under the Criminal Code.

The State argues that the Act does not apply in this case because the statutes relied upon by defendant have no application unless the proceedings began against him in juvenile court.  The State's position is that the statutes cited by defendant are normally relied upon in cases that deal with the transfer of a minor from juvenile to criminal court.  The State maintains that although defendant's case does not fit within the procedural steps outlined in the Act, and the Act does not contain a specific provision for transferring a minor to the juvenile court who was originally adjudicated in the adult criminal courts, Illinois courts have consistently relied upon the Act in situations such as this where a defendant is requesting a transfer from criminal court to juvenile court.

However, the factual scenario presented in this case is somewhat different from the cases cited by both parties on appeal.

Before addressing this issue, however, we will first consider the application of the statutes relied upon by defendant in this case.

We note that there is no provision under the Act that specifically addresses this factual scenario, and we have found no case exactly on point.  As such, not only must we consider the legislative intent behind the sections relied upon by the defendant but also the legislature's intent behind drafting the Juvenile Court Act as a whole.

Additionally, we must keep in mind that this statute is not jurisdictional but is a procedural mechanism created for the benefit of minors.  
People v. Green
, 104 Ill. App. 3d 278, 281, 432 N.E.2d 937, 939-40 (1982).  The juvenile court system is but a segment of the entire criminal court system.  Illinois courts are in agreement that because the juvenile court system is a procedural mechanism, the legislature intentionally drafted the Act, not as a mandatory provision, but instead as a discretionary provision.  Throughout the entire statute, the legislature employs permissive verbs like "may" instead of "must," which indicates that their intention was not to restrict the discretionary powers of the trial court when presented with a minor who has committed a crime.

The reasoning in 
People v. Brown
, 301 Ill. App. 3d 995, 705 N.E.2d 162 (1998), is instructive on the legislative intent behind the statute's automatic transfer provisions.  In that case, defendant argued that the trial court erred when it denied his motion to be transferred back to the juvenile court for purposes of sentencing.  
Brown
, 301 Ill. App. 3d at 1005, 705 N.E.2d at 170.  Defendant argued that since he was only 14 years old at the time of his offense, he was not subject to the automatic transfer provisions contained in section 5-4(6)(a) and (6)(c)(ii), and that the trial court was in error when it determined that it had no discretion to return defendant to juvenile court or in the alternative to hold a transfer hearing.  
Brown
, 301 Ill. App. 3d at 1006, 705 N.E.2d at 170.

We reasoned that the "trial court is not precluded from using its discretion on cases in which the automatic transfer provisions do not apply."  
Brown
, 301 Ill. App. 3d at 1006, 705 N.E.2d at 171.  We found that these provisions were not intended as a means to restrict the discretionary powers of the trial court, but were enacted to "
enhance
 judicial discretion."  (Emphasis added.)  
Brown
, 301 Ill. App. 3d at 1006, 705 N.E.2d at 171.  "By allowing the trial court discretion to determine whether to transfer the juvenile back to juvenile court, the trial court is afforded the opportunity to balance the interests of the community and the minor in reaching a sentencing determination, just as it had an opportunity to balance the interests in reaching a prosecutorial determination."  
Brown
, 301 Ill. App. 3d at 1008, 705 N.E.2d at 171-72. 

The same reasoning was employed in 
People v. Shaw
, 3 Ill. App. 3d 1096, 279 N.E.2d 729 (1972), 26 years prior.  In 
Shaw
, although section 5-4(8)(a) had not been enacted as part of the Act, the court's reading of the legislative intent behind the Act as a whole is directly on point with the court's reasoning in 
Brown
.  We specifically noted that "the language [in the Act] is not expressed in mandatory terms."  
Shaw
, 3 Ill. App. 3d 1099, 279 N.E.2d at 730.  The court specifically mentions that section 5-4(5), previously codified as section 702-7(5), uses 
permissive 
language such as "
if 
a petition alleges" and "the minor, with the consent of his or her counsel, 
may.
"  (Emphasis added.) 705 ILCS 405/5-4(5) (West 1997).  Additionally, section 5-1, previously codified as section 702-1, states: "Proceedings 
may
 be instituted under the provisions of his Article."  (Emphasis added.) 705 ILCS 405/5-1 (West 1997).

The statute, the legislative history behind the statute and case law indicate that the Act is discretionary rather than mandatory, and that although a trial court judge does not have the 
ad hoc
, unfettered power to impose adult prosecution on a juvenile, the judge may employ his discretion without abuse when a unique factual circumstance is presented that does not squarely fall under the procedural confines of the Act.

With this legislative history in mind, we shall now address the pertinent issue in this case, namely, whether the prior consistent misrepresentations committed by defendant in his prior conviction for attempted robbery and robbery can constitute waiver for purposes of his subsequent conviction for escape.  The legislative history behind section 5-4(8)(a) is sparse.  The only comment concerning this particular section was by Representative Munizzi.  In summarizing this amendment to the House of Representatives, Munizzi stated: "Senate Bill 785 amends the Juvenile Court Act.  It states that a minor who is prosecuted as an adult and escapes from a penal institution *** gets treated as an adult."  The bill was passed by a vote of 98 in favor and 14 opposed.

Considering the exact language of the Act, section 5-4(8)(a) provides that any minor who is charged as an adult for the crime of escape will not have the benefits of being treated as a delinquent minor pursuant to section 5-3, which is any minor under 17 that violates or attempts to violate any federal or state law.  This section goes on to provide four subsections within which the preceding applies,
 i.e.
, through voluntary transfer (705 ILCS 405/5-4(5)), mandatory transfer (705 ILCS 405/5-4(6)(a), 5-4(7)(a)), or discretionary transfer (705 ILCS 405/5-4(3)(a)).

However, keeping in mind the discretionary nature of the Act, the fact that sections 5-4(5) and 5-4(8)(a) do not contain restrictive adjectives, such as "only," and case law that specifically provides that waiver of the Act can occur, we cannot say that the legislature intended to restrict the discretionary power of the trial court when faced with the factual scenario presented in this case, namely, where a defendant is prosecuted for escape 
as an adult
 due to waiver of his rights to be tried as a juvenile in the underlying offenses.  We cannot say that the legislature intended that these were the only ways within which a minor could be charged for escape as an adult.

It is true that "courts should indulge every reasonable presumption against waiver" especially when dealing with minors.  
Gooden
, 56 Ill. App. 3d at 413, 371 N.E.2d at 1093.  It is also true that as 
parens patriae
, we must protect those that cannot protect themselves, and that the Juvenile Court Act is a codification of the ancient equitable jurisdiction over infants under that doctrine of 
parens patriae
.  
People ex rel. Wallace v. Labrenz
, 411 Ill. 618, 623-24, 104 N.E.2d 769, 773 (1952).  
However, Illinois courts have continually drawn a distinction between minors who need protection because they cannot adequately protect themselves and a "juvenile [who continually and] wilfully misrepresents his age to an adult criminal court [who thereby] waives statutory procedures which inure to juvenile accused of criminal offenses."  
In re Greene
, 76 Ill. 2d 204, 214, 390 N.E.2d 884, 888 (1979).  Being tried as a juvenile is not a right but a benefit created by the legislature, which can be forfeited if abused.  See 
People v. J.S.
, 103 Ill. 2d 395, 402, 469 N.E.2d 1090, 1094 (1984) (nowhere in the Federal or in this State's constitution is there found the right to be treated as a juvenile for jurisdictional purposes).  Based upon the court's continued application of waiver in certain factual circumstances, it is apparent that a juvenile can forfeit the benefit of a system created specifically for the purpose of protecting him.

Although the paramount concern of the Juvenile Court Act is the welfare of the juvenile, the legitimate interests of the community, being safeguarded from activity sufficiently serious so that but for the age of the actor a criminal prosecution would result, must also be considered.
  
People v. Felt
, 48 Ill. 2d 171, 269 N.E.2d 1 (1971).

In this case, the trial court determined after a hearing on defendant's minor status that based upon his continued misrepresentations to law enforcement, parole officers and to the court, he had waived his rights to be tried under the Act, not only for attempted robbery and robbery, but also for the crime of escape.  It would be counter-intuitive to presume that defendant's action preceding his escape would not be considered during this hearing.  Defendant would have never been sentenced to adult boot camp had he not violated probation on those underlying charges.  There would have been no charge, conviction or sentence for "escape" from an adult penal institution had there not been an underlying crime upon which to sentence defendant to the penal institution.  Although it is true that defendant was separately charged, convicted and sentenced for the crime of escape, his conviction is inextricably linked to the events leading up to his waiver of the Act for the underlying charges of attempted robbery and robbery.

We find that based upon the facts of 
this 
case, defendant has waived his right to be prosecuted under the Act for the charge of escape.  Illinois case law is clear that a defendant may waive the right to be tried in a juvenile court.  We find that to be the case here and, therefore, will not disturb the trial court's decision.

Based upon the foregoing, we affirm the trial court's decision.

Affirmed.

HOFFMAN and BARTH, JJ., concur.