SIXTH DIVISION

March 29, 2002

No. 1-00-0950

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

ALEXANDER CHAMP,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Lawrence P. Fox,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Alexander Champ was charged with first degree murder and, following a jury trial, was convicted of involuntary manslaughter and sentenced to five years in prison.  Defendant does not contest his conviction for involuntary manslaughter.  The sole issue raised by defendant in this appeal is whether he should have been sentenced as a juvenile under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 
et
 
seq
. (West 1996))
 rather than as an adult under the Unified Code of Corrections (Code) (730 ILCS 5/5-1-1 
et
 
seq
. (West 1996))
. 

As the result of a shooting that occurred on February 1, 1997, the grand jury returned an indictment charging defendant with first degree murder in that "he without justification shot and killed Michael Hall."
  The State and defendant stipulated that defendant was 16 years old at the time of the alleged murder.  Following trial, the jury returned a verdict finding defendant guilty of involuntary manslaughter.  Before the sentencing hearing, the State did not request, and the trial court did not conduct, a hearing for the purpose of determining whether defendant should be sentenced as an adult under the criminal laws of the State.  No agreement was made as to sentence.  At the sentencing hearing, the trial court sentenced defendant as an adult under the Code to five years in the Illinois Department of Corrections
.  After the trial court imposed the sentence, defendant pleaded guilty to first degree murder in a separate, unrelated case and was sentenced to 50 years in prison to run consecutively to the 5-year sentence imposed in this case for involuntary manslaughter.  Defendant does not challenge the 50-year sentence in this appeal, but only challenges whether he should have been sentenced as an adult on his conviction for involuntary manslaughter.

Defendant subsequently filed a motion to reconsider his five-year sentence which did not raise the issue presented in this appeal.  The trial court summarily denied the motion.  Defendant contends on appeal that the trial court did not comply with a specific provision of the Act which required the trial court to sentence him as a juvenile and that the sentence was therefore void.  

The State contends that defendant's failure to raise this issue in a written post-sentencing motion waived his right to raise it on appeal.  It is well settled, however, that a sentence which does not conform to a statutory requirement is void (
People v. Arna
, 168 Ill. 2d 107, 113 (1995)), and that a void sentence may be attacked at any time.  
People v. Brazee
, 316 Ill. App. 3d 1230, 1234 (2000) (defendant's failure to argue in post-sentencing motion that trial court lacked statutory authority to sentence him as an adult did not waive his right to raise it on appeal).  Accordingly, we find that defendant has not waived his claim that he should have been sentenced as a juvenile.  We review defendant's appeal 
de
 
novo
 because our resolution of it requires us to interpret statutory provisions of the Act.  
People v. Lewis
, 325 Ill. App. 3d 435, 436-37 (2001).

Section 5-3 of the Act defines "delinquent minor" as "any minor who prior to his 17
th   birthday has violated or attempted to violate *** any federal or state law."  705 ILCS 405/5-3(1) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-105(3) (West 2000)).  Section 5-4(1) of the Act states that "[e]xcept as provided in this [s]ection, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of [Illinois]."  705 ILCS 405/5-4 (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-120 (West 2000)).  Section 5-4(6)(a) provides that if a minor is charged with any one of several offenses, including first degree murder, and was at least 15 years old at the time of the alleged offense, he must be criminally prosecuted for that offense and all other charges arising out of it and may not qualify as a "delinquent minor."  705 ILCS 405/5-4(6)(a) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-130(1)(a) (West 2000)).    

Section 5-4(6)(c)(i) provides how a minor should be sentenced following conviction for an offense listed in section 5-4(6)(a).
  705 ILCS 405/5-4(6)(c)(i) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-130(1)(c)(i) (West 2000)).  Section 5-4(6)(c)(i) states that if the minor is convicted of any offense listed in section 5-4(6)(a) 
including first degree murder, then he shall be sentenced as an adult.  

Section 5-4(6)(c)(ii) directs how a minor should be sentenced following conviction for an offense not listed in 5-4(6)(a) and states in relevant part:

"If *** the minor is only convicted of an offense not covered by paragraph (a) of this subsection (6), the conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court must proceed under Sections 5-22 and 5-23 of this Act.  Should the State request a hearing it must do so by written motion within 10 days following the entry of a finding or the return of a verdict.  ***  If the motion is made by the State, the court shall conduct a hearing to determine if the request should be granted."  705 ILCS 405/5-4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-130(1)(c)(ii) (West 2000).

Section 5-4(6)(c)(ii) further provides that in determining how to rule on the request by the State to sentence the minor as an adult, the trial court "shall" consider several factors at the hearing, including: (1) whether the evidence showed that the offense was committed in an aggressive and premeditated manner; (2) the minor's age; (3) the minor's previous history; (4) the availability of facilities to the juvenile court or the Department of Corrections, Juvenile Division, for the minor's treatment and rehabilitation; (5) whether the best interest of the public and the minor require him to be sentenced as an adult; and (6) whether the minor possessed a deadly weapon when he committed the offense.   Defendant concedes he was properly charged and prosecuted on first degree murder as an adult.  However, he contends that the trial court should have sentenced him as a juvenile, not as an adult, because he was found guilty of involuntary manslaughter.  Section 5-4(6)(a) provides for criminal prosecution when a minor is charged with first degree murder; however, involuntary manslaughter is not an offense covered by section 5-4(6)(a).  Defendant contends that because he was convicted of involuntary manslaughter, an offense not covered by section 5-4(6)(a), the trial court was required under section 5-4(6)(c)(ii) to sentence him as a juvenile unless the State within 10 days of the verdict requested he be sentenced as an adult.  Defendant argues that the State's failure to request a hearing and the court's failure to conduct a hearing under section 5-4(6)(c)(ii) to determine whether he should be sentenced as an adult require that his five-year sentence for involuntary manslaughter be vacated and his case remanded for resentencing under the Act to time served.

The State concedes that "a [minor] defendant convicted of involuntary manslaughter would ordinarily not be subject to adult sentencing unless the State filed a motion."  The State contends, however, that section 5-4(6)(a) excluded defendant from the Act's jurisdiction and required the trial court to sentence him as an adult because he was charged with murder in a separate, unrelated case at the time his sentence was imposed on the involuntary manslaughter conviction in this case.  In support of this interpretation of section 5-4(6)(a), the State argues "[n]othing in the Juvenile Court Act limits the exclusion to the charges filed in the instant case" and that the intent of the legislature was to protect society from those juveniles charged with murder by making them ineligible for sentencing as a juvenile.  

When construing a statute, our primary goal is to determine and give effect to the intent of the legislature.  
People v. Savory
, 197 Ill. 2d 203, 212 (2001).  The best indicator of legislative intent is the language used by the legislature, and accordingly, we begin our inquiry by reviewing the statutory text.  
Savory
, 197 Ill. 2d at 212-13.  "The statutory language must be given its plain and ordinary meaning, and when the terms used by the legislature are clear and unambiguous, it is not necessary to resort to other aids of construction."  
Savory
, 197 Ill. 2d at 213.  

The language in the applicable provisions of section 5-4 is clear and unambiguous, and therefore we need look no further to determine whether defendant was properly sentenced as an adult.  Contrary to the State's contention, section 5-4(6)(a) of the Act does not require that a minor be sentenced as an adult if, at the time of his sentencing, a murder charge is pending against him in a separate, unrelated case.  In fact, section 5-4(6)(a) does not address the issue of sentencing.  Rather, it addresses the circumstances under which a minor should be criminally prosecuted as an adult.  Specifically, the section states that if a minor is charged with any one of several offenses, including murder, and he was at least 15 years old at the time of the alleged offense, he must be criminally prosecuted as an adult for the charged offense and for all other charges arising out of that offense.  Here, consistent with section 5-4(6)(a), defendant was criminally prosecuted as an adult for first degree murder.  However, the jury convicted defendant of involuntary manslaughter, not first degree murder.

Sections 5-4(6)(c)(i) and (c)(ii) address how a minor prosecuted and convicted pursuant to section 5-4(6)(a) should be sentenced.  While defendant was criminally prosecuted for first degree murder under section 5-4(6)(a), he was convicted of involuntary manslaughter.  Involuntary manslaughter, unlike first degree murder, is not covered by section 5-4(6)(a).  Section 5-4(6)(c)(ii) directs how a minor should be sentenced following conviction for an offense not covered by section 5-4(6)(a).  Section 5-4(6)(c)(ii) unambiguously states that if a minor is convicted of an offense not covered by section 5-4(6)(a), the court "must" proceed under the sentencing provisions of the Act, and 
 must not sentence defendant as an adult, unless: (1) the State files a written motion, within 10 days following the entry of the finding or the return of a verdict, requesting a hearing for the purpose of determining whether the minor should be sentenced as an adult; (2) the trial court conducts a hearing on the motion; and (3) the trial court after considering various factors enumerated in section 5-4(6)(c)(ii) determines that the minor should be sentenced as an adult.  Here, defendant was convicted of involuntary manslaughter, an offense not covered by section 5-4(6)(a).  Despite his conviction for this offense, the State did not file a motion requesting a hearing to determine whether he should be sentenced as an adult, and the trial court did not conduct a hearing on the issue; however, defendant was sentenced as an adult.  

The trial judge was not given the opportunity to determine whether defendant should have been sentenced as an adult because the State failed to request such a hearing.  Section 5-4(6)(c)(ii), upon written motion of the State to have the defendant sentenced as an adult, required the trial court to consider at a hearing several factors, including: (1) whether the evidence showed that the offense was committed in an aggressive and premeditated manner; (2) the minor's age; (3) the minor's previous history; (4) the availability of facilities to the juvenile court or the Department of Corrections, Juvenile Division, for the minor's treatment and rehabilitation; (5) whether the best interest of the public and the minor required him to be sentenced as an adult; and (6) whether the minor possessed a deadly weapon when he committed the offense.  At such a hearing, the trial court would have had an opportunity to consider these statutory factors.  See 
People v. Stephens
, 323 Ill. App. 3d 345, 351 (2001) (the six factors enumerated in the statutes are to be considered "among other matters").  No such hearing to determine whether defendant should be sentenced as an adult was requested or conducted.  At such a hearing, the trial court would have had the opportunity based on the facts of this case to weigh the need for rehabilitation, served by juvenile detention, against the need for protection of the community, served by sentencing defendant to an adult facility.

Here, defendant was not convicted of an offense covered by section 5-4(6)(a) and the State did not request a hearing to determine whether defendant should be sentenced as an adult; therefore, section 5-4(6)(c)(ii) required the trial court to sentence defendant as a juvenile.  We note that our finding is consistent with our decision in 
Brazee
.

In 
Brazee
, the defendant minor was charged with aggravated criminal sexual assault, an offense requiring prosecution as an adult under section 5-4(6)(a).  
Brazee
, 316 Ill. App. 3d at 1231, 1234.  The State dismissed the aggravated criminal sexual assault count, and the defendant pleaded guilty to criminal sexual assault, an offense not covered by section 5-4(6)(a).  
Brazee
, 316 Ill. App. 3d at 1232.  The trial court, however, sentenced defendant as an adult and  imposed a sentence of 11 years.  
Brazee
, 316 Ill. App. 3d at 1233.  The reviewing court held that the defendant should have been sentenced as a juvenile rather than as an adult because the aggravated criminal sexual assault charge was dismissed and the State did not request a hearing for the purpose of sentencing defendant as an adult.  
Brazee
, 316 Ill. App. 3d at 1235.  Brazee was sentenced after a plea of guilty, while here, defendant was sentenced after a jury found him guilty of involuntary manslaughter.  That difference in no way undermines application of section 5-4(6)(c)(ii).  Similar to 
Brazee
, defendant in this case was charged with, but not convicted of, an offense covered by section 5-4(6)(a) and the State did not request a hearing under section 5-4(6)(c)(ii) to determine whether defendant should be sentenced as an adult.  Furthermore, as in 
Brazee
, here the trial court sentenced defendant as an adult without conducting a hearing under section 5-4(6)(c)(ii) to determine whether such a sentence would be appropriate. 

The State contends that even if it was required to file a motion requesting the trial court to conduct a hearing to determine whether to sentence defendant as an adult, its failure to do so constituted harmless error.  The State argues that the trial court's comments and the evidence presented at the sentencing hearing demonstrate that the court would have sentenced defendant as an adult had the State  filed the requisite motion and the trial court conducted a hearing pursuant to section 5-4(6)(c)(ii). 

The State's argument mistakenly assumes that a sentencing hearing and a hearing to determine whether a defendant should be sentenced as an adult require the trial court to consider the same type of factors and apply those factors for the same purpose.  The factors that the trial court must consider when deciding whether to sentence a defendant as a juvenile or as an adult are not identical to those which it must consider when deciding what sentence to impose under the Code
.  For example, at a hearing to determine whether a defendant should be sentenced as an adult, the trial court is required to consider,
 "whether there are facilities particularly available to the Juvenile Court or the Department of Corrections, Juvenile Division, for the treatment and rehabilitation of the minor."  705 ILCS 405/5-4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-130(1)(c)(i), (c)(ii) (West 2000)).  This factor is not listed among those the trial court is required to consider when imposing a sentence under the Code (see 730 ILCS 5/5-4-1(a),(b) (West 1996)) and reflects the  unique purpose served by a hearing to determine whether a defendant should be sentenced as an adult or as a juvenile. 

Relying upon 
People v. Arnold
, 323 Ill. App. 3d 102 (2001), the State contends that "the trial court had the discretion to determine whether to sentence defendant as an a adult," and "[t]he lack of a formal hearing does not warrant a reversal, especially when the legislature intended to only enhance judiciary discretion."  The State's reliance on 
Arnold
 is misplaced.

In 
Arnold
, the defendant pleaded guilty to robbery and attempted robbery without disclosing to anyone that he was only 14 years old at the time.  
Arnold
, 323 Ill. App. 3d at 103-04.  He was sentenced to two years of probation and was later sentenced to boot camp after he violated his probation.  
Arnold
, 323 Ill. App. 3d at 104.  Defendant escaped from boot camp and was charged with one count of escape.  
Arnold
, 323 Ill. App. 3d at 104.  Although the trial court found that the defendant was a minor at the time he pleaded guilty to the underlying offenses and at the time of his escape, it denied his request to vacate his pleas and ordered that he be charged as an adult with escape.  
Arnold
, 323 Ill. App. 3d at 104.  After the defendant was  found guilty of escape, he appealed all three of his convictions, contending that the Act required that he be prosecuted as a juvenile.  
Arnold
, 323 Ill. App. 3d at 104.

The reviewing court held that it lacked jurisdiction to consider errors in the underlying convictions for attempted robbery and robbery because the defendant did not file a notice of appeal from those orders.  
Arnold
, 323 Ill. App. 3d at 105.  The court noted that even if it had jurisdiction, the defendant waived his right to be tried as a juvenile for those offenses because he did not raise age as an issue until after he was charged with escape.  
Arnold
, 323 Ill. App. 3d at 105.  The court further held that the defendant's prior misrepresentations regarding his age during his prosecution for attempted robbery and robbery waived his right to challenge his subsequent prosecution as an adult for escape.  
Arnold
, 323 Ill. App. 3d at 111.  The court found that no provision under the Act addressed the factual scenario before it and  reasoned "that although the trial court does not have the 
ad
 
hoc
, unfettered power to impose adult prosecution on a juvenile, the judge may employ his discretion without abuse when a unique factual circumstance is presented that does not squarely fall under the procedural confines of the Act."  
Arnold
, 323 Ill. App. 3d at 111.   

Unlike the defendant in 
Arnold
, defendant here does not challenge his prosecution and conviction under Illinois criminal laws, but instead challenges his sentence.  Furthermore, in contrast to 
Arnold
, the factual circumstances in this case do fall squarely under the procedural confines of the Act.  Section 5-4(6)(c)(ii) of the Act required the trial court upon request by the State to conduct a hearing to determine whether defendant should be sentenced as an adult since he was not convicted of an offense listed in section 5-4(6)(a).  Section 5-4(6)(c)(ii) provides "unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court 
must
 proceed under Section 5-22 and 5-23 of this Act."  (Emphasis added.)  705 ILCS 405/5-4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90-590, eff. January 1,1999) (now, as amended, 705 ILCS 405/5-130(1)(c)(ii) (West 2000)).
  The provision is not discretionary.  Finally, while the court's decision in 
Arnold
 was based in large part upon the defendant's failure to disclose his age, here defendant did not misrepresent his age, but in fact stipulated with the State to his age during the hearing on his pretrial motion to suppress.  

The State failed to request a hearing as required under section 5-4(6)(c)(ii) for the purpose of sentencing defendant as an adult; therefore, defendant should have been sentenced as a juvenile under the Act.  T
his court, in 
Brazee
, when confronted with a similar situation, 
vacated the defendant's sentence and remanded for the trial court to enter an order sentencing the defendant to time served under the sentencing provisions of the Juvenile Court Act.  See 
Brazee
, 316 Ill. App. 3d at 1237. 
 We note that a defendant's commitment under the Juvenile Court Act terminates automatically upon his 
twenty-first birthday.  See 705 ILCS 405/5-33(2) (West 1996) (repealed by Pub. Act 90-590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5-750(3) (West 2000)).  The parties stipulated that defendant was born on December 11, 1980.  The offense occurred on February 1, 1997, when defendant was 16 years old.  Defendant is now over age 21 and is no longer eligible to be committed as a juvenile under the Juvenile Court Act.  
Accordingly, for the reasons previously discussed, we vacate the judgment of the trial court sentencing defendant as an adult to five years in prison for involuntary manslaughter.  Defendant is sentenced under the Juvenile Court Act to time served, considered served as of December 11, 2001, the date of his twenty-first birthday.

Sentence vacated; defendant sentenced to time served.

GALLAGHER, P.J., and BUCKLEY, J., concur.