NO. 4-08-0847          Filed 11/9/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|        Plaintiff-Appellee, | ) | Circuit Court of |
|        v. | ) | Champaign County |
| RICKY KING, | ) | No. 02CF1610 |
|        Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the opinion of the court:

In September 2002, the State charged defendant, Ricky King, with five counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2000)). Later that month, the trial court granted the State's motion to dismiss the criminal charges on the belief defendant had not yet reached 15 years of age at the time of the alleged crime. That same day, the State filed a delinquency petition under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 through 7-1 (West 2000)).

In December 2002, having learned defendant was actually over 15 years of age at the time of the alleged crime, the State moved to dismiss the juvenile case and reinstate the original criminal charges. In June 2003, the State filed an additional count of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(West 2000)). That same day, defendant entered a negotiated plea to the attempt (first degree murder) charge in exchange for dismissal of the first-degree-murder charges and a 15-year sentence to the Department of Corrections (DOC). The trial court

dismissed the remaining first-degree-murder charges and immediately sentenced defendant to 15 years' imprisonment. In October 2008, defendant filed a petition for postconviction relief seeking a modification of his sentence on the grounds the court failed to admonish him of the mandatory-supervised-release (MSR) term that would follow his imprisonment. The petition was dismissed as frivolous and patently without merit.

This appeal followed.

I. ANALYSIS

We initially note defendant states in the "Nature of the Case" portion of his brief that he appeals from the judgment dismissing his petition for postconviction relief. However, he does not address the trial court's failure to admonish him as to MSR in the "Argument" section of his brief. Nonetheless, we have reviewed the record on the MSR issue and find it supports the court's dismissal as defendant was explicitly admonished as to MSR at his June 2003 hearing. Defendant did not address in his postconviction petition the issue he argues on appeal.

Defendant argues his sentence is void because the State failed to make the statutorily required request for a sentencing hearing before the trial court sentenced him as an adult. A defendant may attack a void judgment at any time, and a reviewing court has an independent duty to vacate a void order. People v. Jardon, 393 Ill. App. 3d __, __, 913 N.E.2d 171, 186 (2009). If the trial court lacked subject-matter or personal jurisdiction, or the power to enter a particular judgment or sentence, the

- 2 -

judgment is void.  Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 186.  Likewise, a sentence that violates a statutory requirement is void.  People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995); Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 186.  A defendant's claim that his judgment is void is not subject to waiver.  Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 186.  Thus, we reject any assertion from the State that defendant may not raise this issue for the first time on appeal.  Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 186.

We apply the de novo standard of review to dismissal of a first-stage postconviction petition (People v. Gulley, 383 Ill. App. 3d 727, 731, 891 N.E.2d 441, 445-46 (2008)) and to issues of statutory construction (Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 187).

Section 5-130 of the Act states the following:

"(1)(a) The definition of delinquent minor under [s]ection 5-120 of this [a]rticle shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with (i) first degree murder ***.

These charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State.

* * *

(b)(i) If before trial or plea an information or indictment is filed that does not charge an offense specified in paragraph (a) of this subsection (1)[,] the State's Attorney may proceed on any lesser charge or charges, but only in [j]uvenile [c]ourt under the provisions of this [a]rticle. The State's Attorney may proceed under the Criminal Code of 1961 on a lesser charge if before trial the minor defendant knowingly and with advice of counsel waives, in writing, his or her right to have the matter proceed in [j]uvenile [c]ourt.

(ii) If before trial or plea an information or indictment is filed that includes one or more charges specified in paragraph (a) of this subsection (1) and additional charges that are not specified in that paragraph, all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961.

(c)(i) If after trial or plea the minor is convicted of any offense covered by paragraph (a) of this subsection (1), then, in sentencing the minor, the court shall have available any or all dispositions prescribed

- 4 -

for that offense under [c]hapter V of the Unified Code of Corrections [(Unified Code)].

(ii) If after trial or plea the court finds that the minor committed an offense not covered by paragraph (a) of this subsection (1), that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the [s]tate; however, unless the State requests a hearing for the purpose of sentencing the minor under [c]hapter V of the Unified Code, the [c]ourt must proceed under [s]ections 5-705 and 5-710 of this [a]rticle.  To request a hearing, the State must file a written motion within 10 days following the entry of a finding or the return of a verdict.  Reasonable notice of the motion shall be given to the minor or his or her counsel.  If the motion is made by the State, the court shall conduct a hearing to determine if the minor should be sentenced under [c]hapter V of the Unified Code.  In making its determination, the court shall consider among other matters: (a) whether there is evidence that the offense was committed in an aggressive and premeditated manner; (b) the age of the minor; (c) the

previous history of the minor; (d) whether there are facilities particularly available to the [j]uvenile [c]ourt or the Department of Juvenile Justice for the treatment and rehabilitation of the minor; (e) whether the security of the public requires sentencing under [c]hapter V of the Unified Code; and (f) whether the minor possessed a deadly weapon when committing the offense. The rules of evidence shall be the same as if at trial. If after the hearing the court finds that the minor should be sentenced under [c]hapter V of the Unified Code, then the court shall sentence the minor accordingly having available to it any or all dispositions so prescribed." (Emphasis added.) 705 ILCS 405/5-130(1)(a) through (1)(c)(ii) (West 2000).

In the case <u>sub</u> <u>judice</u>, defendant was originally charged with first degree murder, a section 5-130(1)(a) offense. Exclusive jurisdiction for this offense, when the offender is at least 15 years old, lies in criminal court, not juvenile court. 705 ILCS 405/5-130(1)(b)(ii) (West 2000). If other, non-section 5-130(1)(a) charges arising from the same incident are alleged in an indictment, together with section 5-130(1)(a) charges, the entire prosecution takes place in criminal court. 705 ILCS

- 6 -

405/5-130(1)(b)(ii) (West 2000).  Here, the State added to the indictment attempt (first degree murder), a non-section 5-130(1)(a) charge, which could be prosecuted in criminal court with the first-degree-murder charge because it arose from the same incident.  However, the statute provides if a defendant either pleads or is found guilty of only the non-section 5-130(1)(a) charges, then a court is required to proceed under sections 5-705 and 5-710 of the Act, unless the State requests, within 10 days of the plea or trial, a hearing at which the court would determine whether to sentence the defendant as an adult. 705 ILCS 405/5-130(1)(c)(ii) (West 2000).  Here, the defendant pleaded to only the non-section 5-130(a)(1) charge, triggering the requirement that the State request a sentencing hearing within 10 days.  The State failed to do this.

The following cases are instructive on the issues raised in this appeal:  Jardon, 393 Ill. App. 3d __, 913 N.E.2d 171, People v. Mathis, 357 Ill. App. 3d 45, 827 N.E.2d 932 (2005), People v. Champ, 329 Ill. App. 3d 127, 768 N.E.2d 237 (2002), People v. Brazee, 333 Ill. App. 3d 43, 44, 775 N.E.2d 652, 653 (2002) (Brazee II), and People v. Brazee, 316 Ill. App. 3d 1230, 1231, 738 N.E.2d 646, 647-48 (2000) (Brazee I).

In Champ, the 16-year-old defendant was charged with first degree murder.  Champ, 329 Ill. App. 3d at 128-29, 768 N.E.2d at 238.  A jury found the defendant guilty of involuntary manslaughter, and the trial court sentenced him to five years in DOC.  Champ, 329 Ill. App. 3d at 128, 768 N.E.2d at 238.  On

appeal, the defendant argued he should have been sentenced under the Act, rather than as an adult, because the court was required to sentence him as a juvenile under section 5-4(6)(c)(ii) of the Act (705 ILCS 405/5-4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90-590, §2001-15, eff. January 1, 1999)) (1998 Ill. Legis. Serv. 1289, 1405-06)) (codified as amended at 705 ILCS 405/5-130(1)(c)(ii) (West 2000)) (hereinafter section 5-130(1)(c)(ii)) unless the State moved to sentence him as an adult within 10 days of entry of the verdict. Champ, 329 Ill. App. 3d at 131, 768 N.E.2d at 240. The State conceded "'a [minor] defendant convicted of involuntary manslaughter would ordinarily not be subject to adult sentencing unless the State filed a motion,'" but it argued a different section excluded defendant from this safeguard. Champ, 329 Ill. App. 3d at 131, 768 N.E.2d at 240. The First District Appellate Court disagreed and found the court was required to sentence the defendant as a juvenile because the State failed to request a hearing to determine whether the defendant would be sentenced as an adult. Champ, 329 Ill. App. 3d at 135-36, 768 N.E.2d at 243. The court stated "[a]t such a hearing, the trial court would have had the opportunity[,] based on the facts of this case[,] to weigh the need for rehabilitation, served by juvenile detention, against the need for protection of the community, served by sentencing defendant to an adult facility." Champ, 329 Ill. App. 3d at 133, 768 N.E.2d at 241.

The Champ court noted its decision was consistent with

- 8 -

Brazee I, 316 Ill. App. 3d at 1235, 738 N.E.2d at 650-51, which reversed a minor defendant's sentence as an adult following a plea of guilty to criminal sexual assault in exchange for the State dismissing a charge of aggravated criminal sexual assault. Champ, 329 Ill. App. 3d at 133, 768 N.E.2d at 241-42. (The charge of aggravated criminal sexual assault mandated adult treatment, while criminal sexual assault did not.)

In Brazee I, the reviewing court held the trial court erroneously sentenced the defendant as an adult because the State did not request a hearing on the matter. Brazee I, 316 Ill. App. 3d at 1235, 768 N.E.2d at 650-51. The difference between the Brazee I defendant's conviction by plea and Champ defendant's conviction by trial "in no way undermines" the hearing requirement prior to sentencing as an adult. Champ, 329 Ill. App. 3d at 133, 768 N.E.2d at 242.

In Mathis, the 15-year-old defendant was charged with possession of a controlled substance with intent to deliver within 1,000 feet of a school (count I) and possession of a controlled substance with intent to deliver (count II). Mathis, 357 Ill. App. 3d at 47, 827 N.E.2d at 934. Because of the defendant's age and the nature of count I, defendant's case was automatically transferred from juvenile court to criminal court pursuant to section 5-130(2)(a) of the Act (705 ILCS 405 5/130(2)(a) West 2002)). Mathis, 357 Ill. App. 3d at 47, 827 N.E.2d at 934. In April 2002, defendant pleaded guilty to count II in exchange for dismissal of count I. Mathis, 357 Ill. App.

3d at 47, 827 N.E.2d at 934. Because count II, by itself, did not trigger application of the automatic-transfer provision, defense counsel told the trial court defendant would waive juvenile jurisdiction so the matter could stay in criminal court. Mathis, 357 Ill. App. 3d at 47, 827 N.E.2d at 934. The court then asked the defendant's mother if she understood the meaning of the waiver and if she agreed to it, to which she responded affirmatively. Mathis, 357 Ill. App. 3d at 47, 827 N.E.2d at 934-35. In addition, the minor orally waived his right to have juvenile jurisdiction applied to his case and acknowledged to the court he was accepting an adult conviction. Mathis, 357 Ill. App. 3d at 47-48, 827 N.E.2d at 935.

The Mathis defendant was sentenced to 18 months' probation. Mathis, 357 Ill. App. 3d at 48, 827 N.E.2d at 935. While on probation, the defendant was charged with possession of a stolen motor vehicle. Mathis, 357 Ill. App. 3d at 48, 827 N.E.2d at 935. The State filed a petition for violation of the defendant's probation. Mathis, 357 Ill. App. 3d at 48, 827 N.E.2d at 935. Thereafter, defendant filed a petition to vacate the judgment of conviction of April 2002 as void. Mathis, 357 Ill. App. 3d at 48, 827 N.E.2d at 935. On appeal, defendant argued the criminal sentence was void because the State did not request a sentencing hearing as required by section 5-130(2)(c)(ii) (705 ILCS 405/5-130(2)(c)(ii) (West 2002)). Mathis, 357 Ill. App. 3d at 53, 827 N.E.2d at 939. The appellate court found the requirement for a hearing is mandatory and cannot

be waived by a minor defendant, despite defendant's explicit agreement to a criminal sentence. <u>Mathis</u>, 357 Ill. App. 3d at 54, 827 N.E.2d at 939.

Due to the nature of the defendant's drug crime in <u>Mathis</u>, that court construed section 5-130(2)(c)(ii) (repealed by Pub. Act 94-574, eff. August 12, 2005 (2005 Ill. Legis. Serv. 2946, 2947)). <u>Mathis</u>, 357 Ill. App. 3d at 53, 827 N.Ed.2d at 939. However, the language of section 5-130(2)(c)(ii) and section 5-130(1)(c)(ii), the relevant section in the case <u>sub judice</u>, is virtually identical. <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 187.

In <u>Jardon</u>, the defendant was charged with first degree murder and aggravated unlawful use of a weapon. <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 175. Following a bench trial, he was convicted of second degree murder, an offense not specified in section 5-130(1)(a). <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 187. The State waited more than 30 days after judgment was entered to file its motion requesting defendant be sentenced as an adult, although the statute required the State to file the motion within 10 days of a finding or verdict. <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 187. The motion was actually filed on the sentencing date. <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 187. The State also failed to show it provided defendant or defense counsel with prior notice of its intent to file and present its motion at the sentencing hearing. <u>Jardon</u>, 393 Ill. App. 3d at __, 913 N.E.2d at 187. Relying on <u>Mathis</u>,

the Jardon court held "[b]ecause the terms of section 5-130(1)(c)(ii) of the Act [(705 ILCS 405/5-130(1)(c)(ii) (West 2004))] are mandatory, the failure to comply with those provisions renders the sentencing order in [the] case void, and, contrary to the State's assertion, the imposition of an adult sentence cannot be characterized as harmless error." Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 188. Relying on Brazee II, 333 Ill. App. 3d at 44, 775 N.E.2d at 653, the court vacated the defendant's second-degree murder conviction, ordering the defendant's adjudication of delinquency instead. Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 190.

As the State points out, a trial court may not enter judgment on a plea agreement that is statutorily unauthorized. People v. Gregory, 379 Ill. App. 3d 414, 422, 883 N.E.2d 762, 769 (2008). Under Illinois law, the State was required to request a sentencing hearing within 10 days of the entry of defendant's guilty plea. Its failure to do so renders the 15-year criminal sentence void, and a defendant may attack a void sentence at any time. See Champ, 329 Ill. App. 3d at 129, 768 N.E.2d at 238-39.

While the defendant, in his brief, only requests remand for resentencing under the Act, the State recognizes defendant would eventually seek to have his conviction for attempt (first degree murder) vacated and the judgment modified to an adjudication of delinquency. In the interest of judicial economy, we will address this issue.

On remand of Brazee I, the trial court sentenced

defendant as a juvenile but upheld defendant's criminal conviction. Brazee II, 333 Ill. App. 3d at 44, 775 N.E.2d at 653. Defendant challenged the ruling, and in Brazee II, the reviewing court held the judgment must be modified to show the criminal conviction was vacated and defendant was adjudicated a delinquent minor. Brazee II, 333 Ill. App. 3d at 44, 775 N.E.2d at 653. Brazee II states section 5-130(1)(c)(ii) "does not specifically address whether the resultant judgment stands as a criminal conviction or an adjudication of delinquency." Brazee II, 333 Ill. App. 3d at 47, 775 N.E.2d at 655. Brazee II posited the legislature might have intended to maintain the criminal character of the proceeding by providing that a conviction of an offense not covered by section 5-4-(6)(a) (705 ILCS 405/5-4(6)(a) (West 1996)) (repealed by Pub. Act 90-590, §2001-15, eff. January 1, 1999 (1998 Ill. Legis. Serv. 1289, 1406)) (codified as amended at 705 ILCS 405/5-130(1)(a) (West 2000)) "'shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State.'" Brazee II, 333 Ill. App. 3d at 447, 775 N.E.2d at 655. If so, the criminal conviction should stand, but a juvenile sentence should be imposed. Brazee II, 333 Ill. App. 3d at 47, 775 N.E.2d at 655.

However, Brazee II also recognized another reasonable interpretation of the statutory language to be that it was simply designed to preserve the factual and legal determinations in the criminal prosecution, thereby eliminating any issue about whether the minor would have to be retried under the Act. Brazee II, 333

- 13 -

Ill. App. 3d at 47, 775 N.E.2d at 655-56. Brazee II resolved these two possible interpretations in favor of the defendant, finding the criminal conviction had to be vacated and an adjudication of delinquency entered. Brazee II, 333 Ill. App. 3d at 48, 775 N.E.2d at 656. In reaching this conclusion, Brazee II engaged in a discussion of the purpose of delinquency hearings being protective, rather than penal in nature. Brazee II, 333 Ill. App. 3d at 48, 775 N.E.2d at 656. "In enacting section [5-130(1)(c)(ii)], however, the General Assembly obviously recognized the injustice of criminalizing a minor's less serious delinquent behavior when the particular charges mandating criminal prosecution are resolved in the minor's favor." Brazee II, 333 Ill. App. 3d at 48, 775 N.E.2d at 656. "We can see no reason why the General Assembly would intend to attach the stigma and legal consequences of a criminal conviction merely because the minor at one time stood charged with a more serious offense." Brazee II, 333 Ill. App. 3d at 48, 775 N.E.2d at 657. The court found by validating the criminal prosecution and verdict, section 5-130(1)(c)(ii) "merely eliminates the need to retry the defendant in a formal delinquency hearing." Brazee II, 333 Ill. App. 3d at 48, 775 N.E.2d at 656.

Brazee II has been followed by the First District in Mathis and Jardon. While the Brazee II reasoning may well be justified, we agree with the result, but for reasons based on the statutory language itself. Section 5-130(c)(ii) provides "unless the State requests a hearing for the purpose of sentencing the

- 14 -

minor under [c]hapter V of the [Unified Code], the [c]ourt must proceed under [s]ections 5-705 and 5-710 of [the Act]."  705 ILCS 405/5-130(1)(c)(ii) (West 2000).  Section 5-705 provides as follows:

> "(1) At the sentencing hearing, the court shall determine whether it is in the best interests of the minor or the public that he or she be made a ward of the court, and, if he or she is to be made a ward of the court, the court shall determine the proper disposition best serving the interests of the minor and the public."  705 ILCS 405/5-705(1) (West 2000).

Clearly, section 5-705 requires an adjudication of delinquency prior to imposing a sentence under section 5-710.  By requiring the court to proceed under section 5-705 where the State fails to request a hearing under section 5-130(c)(ii), the legislature has required the court to apply the provisions of the Act.  Moreover, Brazee II was decided in 2002, and the legislature has not changed the language in any way to indicate Brazee II had misinterpreted its intent.  See People v. Wagener, 196 Ill. 2d 269, 283, 752 N.E.2d 430, 440 (2001) (a reviewing court may presume the legislature knew of prior judicial interpretations of a statute and agreed with the judicially constructed meaning if the language at issue was retained in subsequent amendments).  Consequently, the adult conviction must

- 15 -

be vacated and an adjudication of delinquency must be entered.

We note this result could have been avoided if the State had followed the procedures required of it under section 5-130(1)(c)(ii), requested a timely hearing, and presented evidence for the court to determine whether the minor should be sentenced as an adult.

Lastly, the State argues defendant is estopped from asserting his criminal sentence is void while enjoying the benefit of his negotiated plea. Section 5-130(1)(c)(ii) of the Act states it applies "after trial or <u>plea</u>." (Emphasis added.) 705 ILCS 405/5-130(1)(c)(ii) (West 2000). Defendant entered a negotiated plea agreement whereby he plead guilty to attempt (first degree murder) in exchange for the State's offer of recommending 15 years' imprisonment and dismissal of the first-degree-murder charges. The court imposed the State's recommended sentence of 15 years' imprisonment. According to the statute, the court did not have the authority to sentence defendant as an adult "unless the State request[ed] a hearing for the purpose of sentencing the minor under [c]hapter V of the [Unified Code]." 705 ILCS 405/5-130(1)(c)(ii) (West 2000). The statute does not distinguish between bench and jury trials or open and negotiated pleas. Moreover, unlike section 5-130(1)(b)(i), section 5-130(c)(ii) does not include a waiver clause, and we decline to read one into it, even where a minor defendant explicitly agreed to a criminal sentence in a negotiated plea without a hearing on the matter. See <u>Mathis</u>, 357 Ill. App. 3d at 47-48, 827 N.E.2d at

935.  Thus, we conclude the statutory requirement applies to all convictions secured by trial or plea, regardless of the form, and the cases we cite above support this conclusion.

Since his sentencing, defendant has attained 21 years of age and is no longer eligible to be committed as a juvenile under the Act.  Under these circumstances, the trial court shall enter an order sentencing defendant under the Act to time served as of August 3, 2008, the date of his 21st birthday, enter an adjudication of delinquency, and vacate defendant's criminal conviction.  See Jardon, 393 Ill. App. 3d at __, 913 N.E.2d at 190.

## II. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand with directions for the trial court to vacate the criminal conviction, enter an adjudication of delinquency, and enter an order sentencing defendant under the Act to time served as of the date of defendant's 21st birthday.

Reversed and remanded with directions.

MYERSCOUGH and APPLETON, JJ., concur.

## SUPPLEMENTAL OPINION

JUSTICE POPE delivered the supplemental opinion of the court:

Counsel for defendant, following the filing of this court's opinion in this cause, filed a "Motion for Release Pursuant to Supreme Court Rule 604(a)(3), or, in the Alternative, Admission to Bail, Pending Resolution of the State's Appeal."

- 17 -

The State filed an objection to defendant's motion for release on bond.

The cases addressing release on appeal under Supreme Court Rule 604(a)(3) (210 Ill. 2d R. 604(a)(3)) arise out of interlocutory appeals by the State pretrial. See People v. Baltimore, 381 Ill. App. 3d 115, 885 N.E.2d 1096 (2008); People v. Beaty, 351 Ill. App. 3d 717, 814 N.E.2d 590 (2004); People v. Wells, 279 Ill. App. 3d 564, 664 N.E.2d 660 (1996). When Rule 604(a)(3) is examined in the context of the other provisions of Rule 604(a), it appears pretrial release during interlocutory appeals by the State is the focus of the rule.

We need not reach that decision, however, because we find Supreme Court Rule 613(c) (177 Ill. 2d R. 613(c)) applies to this matter. Rule 613(c) reads as follows:

> **"Reversal When Appellant Is Serving Sentence.** If in a case on appeal the appellant is serving the sentence imposed in the trial court and the judgment is reversed and appellant ordered discharged, the clerk of the reviewing court shall at once mail to the imprisoning officer, certified mail, return receipt requested, a copy of the mandate of the reviewing court. It shall be the duty of the imprisoning officer to release appellant from custody forthwith upon receiving a certified copy of the mandate of the reviewing

- 18 -

court. If appellant is serving the sentence and the judgment is reversed and the cause remanded to the trial court for further proceedings, the clerk of the reviewing court shall at once mail to the imprisoning officer, certified mail, return receipt requested, a copy of the mandate of the reviewing court. The imprisoning officer shall forthwith, upon receiving the certified copy of the mandate of the reviewing court, return appellant to the trial court to which the cause was remanded." 177 Ill. 2d R. 613(c).

Rule 613(c) is self-executing and needs no action from this court. Accordingly, we deny defendant's motion as moot.

Motion denied.

MYERSCOUGH, P.J., and APPLETON, J., concur.