Docket No. 109581.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RICKY KING, Appellee.

*Opinion filed January 21, 2011.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

## OPINION

### I. BACKGROUND

In 2002, defendant, Ricky King, was charged with five counts of first degree murder (720 ILCS 5/9–1(a)(1), (a)(2) (West 2000)), in connection with the August 8, 2002, beating death of Robert Nash. Defendant was 15 years of age at the time of the incident. On June 19, 2003, the State filed an additional count of attempted first degree murder (720 ILCS 5/8–4(a), 9–1(a) (West 2000)) arising out of the same incident. That same day, defendant entered a negotiated plea to the attempted murder charge in exchange for dismissal of the murder charges and a 15-year sentence in the Department of Corrections. The circuit court of Champaign County immediately entered judgment

pursuant to the plea agreement, sentenced defendant to the agreed-upon 15-year prison term, and dismissed the murder charges.

On October 10, 2008, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.* (West 2006)), arguing that he was not properly admonished about mandatory supervised release. The circuit court dismissed the petition as frivolous and patently without merit.

On appeal, defendant argued for the first time that his sentence was void because the State failed to request a hearing under section 5–130(1)(c)(ii) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5–130(1)(c)(ii) (West 2000)) to determine whether he should be sentenced as an adult. The appellate court agreed. 395 Ill. App. 3d 985, 992. Accordingly, the appellate court reversed the judgment of the circuit court and remanded with directions to vacate defendant's criminal conviction, enter an adjudication of delinquency, and enter an order sentencing him under the Act to time served as of his twenty-first birthday. *Id.* at 994-95.

The State sought review in this court, arguing that (1) defendant should be estopped from arguing that the sentencing provision of the fully negotiated plea agreement is void because he enjoyed the benefits of the plea agreement, including the dismissal of first degree murder charges; and (2) if the sentencing provision of the fully negotiated plea agreement is void, the plea should be vacated in its entirety, the murder charges reinstated, and the parties returned to the status quo ante for further plea proceedings or trial.

On this court's own motion, the parties were given leave to file supplemental briefs addressing the following two issues of statutory interpretation involving sections 5–130(1)(a) through (1)(c) of the Act (705 ILCS 405/5–130(1)(a) through (1)(c) (West 2000)): (1) whether an offense "covered by" section 5–130(1)(a) includes only those charges "specified in" that section or both charges "specified in" that section and "all other charges arising out of the same incident"; and (2) if an offense "covered by" section 5–130(1)(a) includes both charges "specified in" that section and "all other charges arising out of the same incident," whether section 5–130(1)(c)(ii) required the State to request a hearing to determine whether defendant should be sentenced as an adult or whether he was properly sentenced as an adult without a hearing pursuant to section 5–130(1)(c)(i). Both

parties have filed supplemental briefs.

For the following reasons, we conclude that an offense "covered by" section 5–130(1)(a) includes both charges "specified in" that section and "all other charges arising out of the same incident," that section 5–130(1)(c)(ii) did not require the State to request a hearing to determine whether defendant should be sentenced as an adult, and that he was properly sentenced as an adult without a hearing pursuant to section 5–130(1)(c)(i). Accordingly, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

## II. ANALYSIS

The dispositive issues on appeal are issues of statutory construction, which are questions of law subject to *de novo* review. *Solon v. Midwest Medical Records Ass'n, Inc.*, 236 Ill. 2d 433, 439 (2010).

Our primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Id.* at 440. The best indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. *Id.* In determining the plain meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it. *Id.*

With these principles in mind, we turn to the applicable statutory provision, section 5–130 of the Act, which provides, in pertinent part, as follows:

"(1)(a) The definition of delinquent minor under Section 5–120 of this Article shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with *first degree murder*, aggravated criminal sexual assault, aggravated battery with a firearm committed in a school, on the real property comprising a school, within 1,000 feet of the real property comprising a school, at a school related activity, or on, boarding, or departing from any conveyance owned, leased, or contracted by a school or school district to transport students to or from school or a school related activity regardless of the time of day or time of year that the offense was committed, armed robbery when the

armed robbery was committed with a firearm, or aggravated vehicular hijacking when the hijacking was committed with a firearm.

*These charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State.*

\* \* \*

(b)(i) If before trial or plea an information or indictment is filed that does not charge an offense specified in paragraph (a) of this subsection (1) the State's Attorney may proceed on any lesser charge or charges, but only in Juvenile Court under the provisions of this Article. The State's Attorney may proceed under the Criminal Code of 1961 on a lesser charge if before trial the minor defendant knowingly and with advice of counsel waives, in writing, his or her right to have the matter proceed in Juvenile Court.

(ii) If before trial or plea an information or indictment is filed that includes one or more charges *specified in* paragraph (a) of this subsection (1) and additional charges that are *not specified in* that paragraph, *all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961*.

(c)(i) If after trial or plea the minor is convicted of any offense *covered by* paragraph (a) of this subsection (1), then, in sentencing the minor, the court shall have available any or all dispositions prescribed for that offense under Chapter V of the Unified Code of Corrections.

(ii) If after trial or plea the court finds that the minor committed an offense *not covered by* paragraph (a) of this subsection (1), that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court must proceed under Sections 5–705 and 5–710 of this Article. To request a hearing, the State must file a written motion

within 10 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be given to the minor or his or her counsel. If the motion is made by the State, the court shall conduct a hearing to determine if the minor should be sentenced under Chapter V of the Unified Code of Corrections. *** If after the hearing the court finds that the minor should be sentenced under Chapter V of the Unified Code of Corrections, then the court shall sentence the minor accordingly having available to it any or all dispositions so prescribed." (Emphases added.) 705 ILCS 405/5–130(1)(a) through (c)(ii) (West 2000).

In the present case, defendant was originally charged with five counts of first degree murder, an offense "specified in" section 5–130(1)(a). Exclusive jurisdiction for first degree murder when the accused is at least 15 years of age lies in criminal court, not juvenile court. 705 ILCS 405/5–130(1)(a) (West 2000). In addition, if "other charges arising out of the same incident" are alleged in an indictment, together with charges "specified in" section 5–130(1)(a), the entire prosecution takes place in criminal court. 705 ILCS 405/5–130(1)(b)(ii) (West 2000). Here, the State added to the indictment an attempted first degree murder charge, which had to be prosecuted in criminal court with the first degree murder charges because it arose out of the same incident.

Ultimately, defendant pleaded guilty to attempted first degree murder in exchange for dismissal of the first degree murder charges and a 15-year sentence. Therefore, he pleaded guilty only to the offense "arising out of the same incident" as the offense "specified in" section 5–130(1)(a), which was first degree murder.

Section 5–130(1)(c)(i) of the Act governs sentencing of a minor convicted of any offense "covered by" section 5–130(1)(a), while section 5–130(1)(c)(ii) governs sentencing of a minor convicted of an offense "not covered by" section 5–130(1)(a). Section 5–130(1)(a) specifically lists several offenses, including first degree murder, and states that "[t]hese charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State." 705 ILCS 405/5–130(1)(a) (West 2000).

Both parties and the appellate court in this case assumed, without

discussion or analysis, that an offense "covered by" section 5–130(1)(a), as used in sections 5–130(1)(c)(i) and (1)(c)(ii), was synonymous with an offense "specified in" section 5–130(1)(a), as used in section 5–130(1)(b). See 395 Ill. App. 3d at 989 ("However, the statute provides if a defendant either pleads or is found guilty of *only* the non-section 5–130(1)(a) charges, then a court is required to proceed under sections 5–705 and 5–710 of the Act, unless the State requests, within 10 days of the plea or trial, a hearing at which the court would determine whether to sentence the defendant as an adult." (Emphasis in original.)). In making this assumption, the appellate court cited prior appellate court opinions in which the parties and court had made the same assumption. See, *e.g.*, *People v. Jardon*, 393 Ill. App. 3d 725 (2009); *People v. Mathis*, 357 Ill. App. 3d 45 (2005); *People v. Champ*, 329 Ill. App. 3d 127 (2002); *People v. Brazee*, 333 Ill. App. 3d 43 (2002); *People v. Brazee*, 316 Ill. App. 3d 1230 (2000).

On this court's own motion, the parties were given leave to file supplemental briefs addressing the following two issues of statutory interpretation involving sections 5–130(1)(a) through (1)(c) of the Act: (1) whether an offense "covered by" section 5–130(1)(a) includes only those charges "specified in" that section or both charges "specified in" that section and "all other charges arising out of the same incident"; and (2) if an offense "covered by" section 5–130(1)(a) includes both charges "specified in" that section and "all other charges arising out of the same incident," whether section 5–130(1)(c)(ii) required the State to request a hearing to determine whether defendant should be sentenced as an adult or whether he was properly sentenced as an adult without a hearing pursuant to section 5–130(1)(c)(i).

In their supplemental briefs, the parties agreed that an offense "covered by" section 5–130(1)(a) includes both charges "specified in" that section and "all other charges arising out of the same incident." The parties disagreed, however, as to whether section 5–130(1)(c)(ii) required the State to request a hearing to determine whether defendant should be sentenced as an adult or whether he was properly sentenced as an adult without a hearing pursuant to section 5–130(1)(c)(i).

Pursuant to sections 5–130(1)(c)(i) and (1)(c)(ii), whether

defendant could be sentenced as an adult without a hearing depends on whether the offense to which he pleaded guilty (attempted first degree murder) is "covered by" section 5–130(1)(a). The dictionary definition of "cover" is "to treat or deal with," as in "material covered in the first chapter." Webster's Third New International Dictionary 524 (1976). Accordingly, when section 5–130(1)(c)(i) discusses an offense "covered by" section 5–130(1)(a), it means an offense treated or dealt with in that section, which includes the offenses "specified in" that section as well as "all other charges arising out of the same incident." See 705 ILCS 405/5–130(1)(a) (West 2000).

That interpretation is confirmed by the use of other terms in section 5–130(1). For instance, section 5–130(1)(b) addresses whether the prosecution should occur in juvenile or criminal court, and the answer hinges on whether the charging instrument includes any charge of an offense "specified in" section 5–130(1)(a). The plain meaning of "specify" is "to mention or name in a specific or explicit manner." Webster's Third New International Dictionary 2187 (1976). Thus, when section 5–130(1)(b) discusses an offense "specified in" section 5–130(1)(a), it means the offenses explicitly named therein.

Moreover, the Act itself demonstrates that offenses "specified in" section 5–130(1)(a) does not mean offenses explicitly named in that section plus other charges arising out of the same incident. Section 5–130(1)(b)(ii) mandates that when an information or indictment includes charges "specified in" section 5–130(1)(a) "and additional charges that are not specified in that paragraph, all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961." In other words, the offenses "specified in" section 5–130(1)(a) do not include "other charges arising out of the same incident."

The legislature's decision to use "specified in" in section 5–130(1)(b) and "covered by" in section 5–130(1)(c) demonstrates that it intended different meanings for these terms. See *People v. Hudson*, 228 Ill. 2d 181, 193 (2008) ("When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended."). Section 5–130(1)(b) discusses those offenses "specified in" section 5–130(1)(a), *i.e.*, those offenses explicitly named in that section, whereas section 5–130(1)(c) discusses those offenses "covered by"

section 5–130(1)(a), *i.e.*, those offenses dealt with in that section, which includes those explicitly named in that section and those arising out of the same incident. The legislature repeated the paired use of both "covered by" and "specified in" throughout the Act–the distinction appears again in sections 5–130(2)(b) and (2)(c) (705 ILCS 405/5–130(2)(b), (2)(c) (West 2000)), sections 5–130(3)(b) and (3)(c) (705 ILCS 405/5–130(3)(b), (3)(c) (West 2000)), and sections 5–130(5)(b) and (5)(c) (705 ILCS 405/5–130(5)(b), (5)(c) (West 2000))–confirming that the use of the two distinct terms was intentional.

Moreover, the Act as a whole, including its use of the term "prosecute," confirms that the legislature intended "covered by" section 5–130(1)(a) to include all charges arising out of the same incident. Section 5–130(1)(a) states that "[t]hese charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State." The Act does not define the term "prosecute." However, section 2–16 of the Criminal Code of 1961 defines "[p]rosecution" as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2–16 (West 2000). Thus, section 5–130(1)(a) mandates that charges of the "specified offenses" as well as all other charges arising out of the same incident proceed as a criminal prosecution until final disposition on appeal.

The legislature's use of "prosecute" elsewhere in section 5–130(1)(b) further demonstrates that offenses "covered by" section 5–130(1)(a) include all charges arising out of the same incident as the specifically enumerated offenses. Section 5–130(1)(b) addresses where trial and plea proceedings should occur. Section 5–130(1)(b)(i) states that if the charges do not include an offense "specified in" section 5–130(1)(a), the State's Attorney should "proceed" on the lesser charge or charges in juvenile court but "may proceed under the Criminal Code of 1961" on a lesser charge not "specified in" section 5–130(1)(a) if the minor waives in writing the right to proceed in juvenile court. See Webster's Third New International Dictionary 1807 (1976) (defining proceed as "to carry on a legal action or process"). On the other hand, section 5–130(1)(b)(ii) states that if a

minor is charged with an offense "specified in" section 5–130(1)(a) "and additional charges that are not specified in that paragraph, all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961." The legislature's decision to use "proceed" in the waiver context and "prosecution" in the context of other charges arising out of the same incident demonstrates its differing intent. See *Hudson*, 228 Ill. 2d at 194.

That distinction is further reflected in section 5–130(1)(c). Section 5–130(1)(c)(i) states that if the minor is convicted of any offense "covered by" section 5–130(1)(a), "the court shall have available any or all dispositions prescribed for that offense under Chapter V of the Unified Code of Corrections." As discussed above, offenses "covered by" section 5–130(1)(a) include the offenses "specified in" that section as well as all charges arising out of the same incident. This is consistent with section 5–130(1)(b)(ii)'s mandate that the offenses "specified in" section 5–130(1)(a) and "all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961" and with section 5–130(1)(a)'s directive that the charges specified therein and "all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State."

On the other hand, because a minor charged with only a lesser offense (of an offense "specified in" section 5–130(1)(a)) who waived the right to proceed in juvenile court would not be convicted of an offense "covered by" section 5–130(1)(a), the minor would not be subject to sentencing under the Unified Code of Corrections unless the State requested a hearing under section 5–130(1)(c)(ii). This is consistent with section 5–130(1)(b)(i), which allows the State to proceed under the Criminal Code of 1961 only upon the minor's written waiver. Thus, if defendant had been charged only with attempted murder, both his written waiver and a hearing would have been required to proceed in criminal court and sentence him as an adult.

This construction is also consistent with the framework of the Act, which turns on the offenses in the charging instrument. This court has long recognized that the classification at issue in the Act is based on the minor's age and the type of offense charged. *People v. J.S.*, 103 Ill. 2d 395, 403 (1984). Thus, it is the charging instrument that determines whether the minor has the right to have the proceedings in

juvenile court.

As discussed above, section 5–130(1)(c)(i) states that if after trial or plea, a minor is convicted of an offense "covered by" section 5–130(1)(a), in sentencing the minor, the circuit court has available "any or all dispositions prescribed for that offense under Chapter V of the Unified Code of Corrections." Offenses "covered by" section 5–130(1)(a) include those "specified in" that section as well as those arising out of the same incident.

In the present case, defendant was initially charged with first degree murder. The State subsequently filed an additional information, which added an additional count for attempted first degree murder arising out of the same incident. Thus, the attempted first degree murder charge was "covered by" section 5–130(1)(a) ("These charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State."). Defendant pleaded guilty to the attempted first degree murder charge that same day.

Defendant argues that the attempted first degree murder charge was not "covered by" section 5–130(1)(a) because the first degree murder charges were subsequently dismissed. We disagree.

The first degree murder charges were still pending when the circuit court accepted defendant's plea and sentenced him to the agreed-upon 15-year sentence. The circuit court thereafter dismissed the first degree murder charges pursuant to the plea agreement.

Therefore, we find that defendant pleaded guilty to an offense (attempted first degree murder) "covered by" section 5–130(1)(a) because it arose out of the same incident as the charges pending against him for an offense "specified in" section 5–130(1)(a) (first degree murder). Accordingly, we conclude that defendant was properly sentenced without a hearing pursuant to section 5–130(1)(c)(i) and that his sentence is therefore not void as prohibited by statute.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

-10-

Appellate court judgment reversed;
circuit court judgment affirmed.